TATE, Judge.
This is an adoption proceeding. The grandparents of a little girl, age five, apply to adopt her. The grandparents appeal from the dismissal of their petition.
This appeal concerns essentially a question of statutory interpretation. In Louisiana, ordinarily a child cannot be adopted without at least the initial consent of each living parent.[1] However, by LSA-R.S. 9:422.1, in certain instances the consent of a parent who has failed to support a child is not required for the child’s adoption by its grandparents or step-parent.
At issue here is the interpretation of this twice-amended statutory provision, which will be set forth in full below. The question is whether, under the terms of the statute, the present plaintiff grandparents are among those entitled to adopt without the consent of a non-supporting parent.
The petitioning grandparents are the parents of the child’s mother, who is divorced from the child’s father. The mother joins in the petition to pray that the adoption by the grandparents be approved. The child’s father opposes the. adoption. The little girl’s custody was awarded to her mother in 1960, in the separation and divorce proceedings between her parents. The petitioning grandparents contend that, since the child’s father has allegedly failed to contribute to her support since 1960, they may adopt the little girl without the father’s consent, the grandparents relying solely upon LSA-R.S. 9:422.1.
Preliminarily we observe that an adoption statute, being in derogation of the natural rights of a legitimate parent of the child, must be strictly construed, and persons proceeding thereunder must strictly comply with it. In re LaFitte, 247 La. 856, 174 So.2d 804; In re Ackenhausen, 244 La. 730, 154 So.2d 380; In re Hughes, La.App. 4 Cir., 176 So.2d 158 (containing a comprehensive history of adoption-statute consent provisions). These decisions concern the application of Section 422.1 and specifically note the strict construction applicable to this enactment.
Applying such principle, we cannot agree with the plaintiffs’ argument that the intent of Section 422.1, to be quoted below, is to provide that the consent of a non-supporting parent is in general no longer a prerequisite to adoption of his child or that a non-supporting parent is deprived of any right to prevent the child’s adoption by his failure to consent to it. By reason of this applicable interpretive principle, we find that the parental consent necessary under the general law can be dispensed with only in the specific instances authorized by a strict construction of this excepting statute.
*798 LSA-R.S. 9:422.1, the statute in question, is entitled “Adoptions by Step-parent, Grandparent; Consent.”
In its present form, it provides in full:
“If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child, then the consent of the other legitimate parent is not necessary if the first and second or the first and third conditions exist:
“(1) The spouse of the petitioner or the grandparent or grandparents or the mother or the father have been granted custody of the child by a court of competent jurisdiction and
“(2) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year or
“(3) The other legitimate parent is a nonresident of this state and has failed to support the child for a period of one year after judgment awarding custody to the mother or father or grandparent or grandparents.”
The trial court held that under this statute only those grandparents who themselves have formally been awarded custody by prior judgment can adopt without the consent of a non-supporting parent. Consequently, the present petitioning grandparents’ suit to adopt their grandchild was dismissed, since the child’s mother, not they had been awarded custody of the child in the separation-divorce proceedings.
Assuming that, as here, (a) the petitioners are a step-parent or grandparents and (b) the non-consenting spouse has failed to support the child for over a year since the child-support or custody judgment (thus satisfying statutory Conditions 2 and 3), then the remaining question as to whether Section 422.1 applies is: (c) Does the prerequisite Condition 1 exist, namely, that “The spouse of the petitioner or the grandparent or grandparents or the mother or the father have been granted custody of the child by a court of competent jurisdiction”?
The meaning of this Condition 1 is ambiguous. If, for instance, the petitioner is the step-parent of the child, then a requirement that either “the spouse of the petitioner” or “the mother or the father” have been awarded custody is confusing, since the spouse of the petitioner in that event must be either the mother or father of the child. Likewise, if grandparents are the petitioners, no meaningful purpose is served by the provision that they can adopt under the statute in instances where either a “spouse of the petitioner” or the “grandparents” have previously been awarded custody.
Reverting to whether the prerequisite Condition 1 applies — that “The spouse of the petitioner or the grandparent or grandparents or the mother or the father have been granted custody of the child by a court of competent jurisdiction” — , the trial court held that the italicized “or the mother or the father” is surplusage. The court suggested that necessarily these words can refer only to a father or mother with judicial custody who is the legitimate spouse of the petitioner for adoption. Taking into consideration the strict interpretation in favor of the non-consenting parent required by the jurisprudence, our study of the functional purpose and legislative history of the custody-requirement (statutory Condition 1 above) has convinced us that our trial brother has correctly so interpreted the enactment.
As the plaintiffs-appellants wish us to read it, Section 422.1 would provide: “ * * * if the petitioner is [a step-parent or] the grandparent or grandparents of the child, then the consent of the other legitimate parent is not necessary if * * * (1) [Either] [a] The spouse of the petitioner or [b] the grandparent or grandparents or [c] the mother or the father have been granted custody of the child * * (Italics ours.)
*799 By a construction contended for, a stepparent or grandparent applying for adoption need not have the consent of a nonsupporting parent, even though the applicants for adoption have not themselves been awarded the child’s custody: It is essential only that any one of the statutorily-designated classes of persons have been awarded custody. Thus, it is contended that in the present instance the grandparents can proceed under the statute because the “mother” of the child has been awarded custody, thus satisfying statutory Condition 1, and because the father has failed to support the child for more than one year after the custody and alimony, judgment, thus satisfying Conditions 2-3.
In our opinion, however, such an interpretation may produce general consequences so unreasonable as to indicate that the argued-for construction is not within the intent of the legislation.
For instance, in the present case, under the suggested construction the paternal as well as the maternal grandparents would have a right to apply for adoption without the consent of the non-supporting parent (or parents', see Condition 3 of statute above), even though none had ever been awarded custody of the child; and so would a new spouse of an unworthy husband deprived of the child’s custody, if the child’s mother became a non-resident and failed to support the child for a year after such mother was awarded custody (see Condition 3 above). Or, if custody had been awarded to the grandp'arents, a spouse of either parent (deprived of custody possibly because of unworthiness) would still have the right under the statute to adopt the child without the consent of the other nonsupporting parent (if the court approved), even though neither the first parent nor the petitioning spouse had ever’ been awarded the child’s custody.
The appellants argue that these unreasonable possibilities are eliminated, practically, because the consent of the parent with custody or of at least one parent must be attached to a petition for adoption. However, this has not been true since the 1942 adoption act at least, the only statutory requirement since then being that prior to the interlocutory decree the Department of Public Welfare must ascertain from the parents (neither of whom may have previously consented to the adoption) that they do not oppose the adoption; and the adoption can be approved if the parents do not oppose it, even though they do not expressly or in writing consent to it.[2]
The function most reasonably intended by the prior-custody requirement is, as stated by the Supreme Court, “to prevent a child from being uprooted from its surroundings, and to prevent the upset by adoption of a custody decree wherein it had been adjudged that the best interest of a child required it to be with one parent (or a grandparent) rather than the other parent”, In re Ackenhausen, 244 La. 730, 154 So.2d 380, 382. By the construction the plaintiffs-appellants suggest, such function is not served: by it, the adopting petitioner need not have been granted custody of the child previous to the adoption proceedings.
By the district court’s construction which we affirm, on the other hand, such function will be served: Strictly construing Condition 1 of Section 422.1 as required by our jurisprudence, adoption under it without the consent of a non-supporting parent is allowable only as to (1) a petitioner whose spouse is the legitimate parent of the *800 child, provided such spouse has been granted custody of the child by a court of competent jurisdiction or (2) the grandparent or grandparents of the child, provided they have been granted custody of the child by a court of competent jurisdiction.
The statutory history of this enactment reenforces our view that such interpretation correctly construes it in accordance with the legislative intent. To clarify the ensuing discussion, we have set forth the respective statutory versions of Section 422.1 in appendices A, B, and C at the end of this opinion. See also Legislative Symposiums at 19 La.L.Rev. 59-60 (1958), 21 La.L.Rev. 56 (1960), and 23 La.L.Rev. 46 (1962).
Act 501 of 1958 first added a non-consenting parent provision to the adoption statute; it provided simply that a step-parent, if married to a legitimate parent who had been granted custody of the child, might adopt without the consent of the other parent where the latter had failed or refused for three years or more to comply with a court order of support. See Appendix A. This provision was then amended by Act 268 of 1960, which (1) reduced the period of failure to comply with a court order of support from three to one year and (2) extended the privilege of adoption without parental consent to grandparents given judicial custody of the child. See Appendix B.
The present ambiguity in Condition 1 resulted from the further amendment of Section 422.1 by Act 106 of 1962. See Appendix C Principally by this act, Condition 3 was added as an alternative to Condition 2, which alternative provides that a non-resident parent’s consent is not necessary if he fails for a year or more to support a child “after judgment awarding custody to the mother or father or grandparent or grandparents.” (Italics ours.) An authoritative commentator noted the “obvious” purpose of this alternative was “to eliminate the need for a parent’s consent where he has culpably failed to support a child and it has not been possible to obtain jurisdiction over him to support the child.” 23 La.L.Rev. 46.
This same 1962 amendment for the first time added the term “the mother or the father” to Condition 1, which produces the present ambiguity of the provision noted earlier. We do not think, however, that this change of wording was intended to produce a substantial change in the previous statutory scheme that only parties with court-granted custody can adopt a child without the consent of a non-supporting parent. We believe, rather, that the addition of the duplicating term, “or mother or father”, was intended simply to add to Condition 1 the same terminology as was used by Condition 3 (added to Section 422.1 by the same 1962 act), since Condition 3 if applicable is required to coexist with Condition 1 before an adoption without parental consent can be authorized under Section 422.1.
In summary, then, we concede that, as urged by the appellants, a possible construction of the statute is that the adopting petitioners need not themselves have custody of the child. However, the statute may likewise be interpreted to require that the adopting petitioners have been previously awarded custody of the child; this latter interpretation we feel to be more reasonable in the light of the purpose of the prior-custody requirement and in the light of the statutory history of the entire enactment. Finally, however, any doubts as to which construction is preferable we have resolved, as required by the jurisprudence, in favor of the one which interprets the statute strictly insofar as in derogation of the natural right of a legitimate parent to his child, namely, in favor of that construction which limits rather than expands the right to adopt a child despite the opposition of his legitimate parent.
For the foregoing reasons, at the cost of the plaintiffs-appellants, we affirm the judgment of the District Court dismissing this suit.
Affirmed.
*801 Appendix A.
Act 501 of 1958, Section 1, provides:
If the spouse of the petitioner is the legitimate parent of the child, then the consent of the other legitimate parent is not necessary if the following conditions exist:
1. The spouse of the petitioner has been granted custody of the child by a court of competent jurisdiction; and
2. The other parent has refused or failed to comply with a court order of support for a period of three years or more.
Appendix B.
Act 268 of 1960, Section 1, provides (amending additions italicized) :
If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child, then the consent of the other legitimate parent is not necessary if the following conditions exist:
1. the spouse of the petitioner or the grandparent or grandparents have been granted custody of the child by a court of competent jurisdiction and
2. the other parent has refused or failed to comply with a court order of support for a period of one year or more.
Appendix C.
Act 106 of 1962, Section 1, provides (amending additions italicized):
If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child, then the consent of the other legitimate parent is not necessary if the first and second or the first and third conditions exist:
(1) The spouse of the petitioner or the grandparent or grandparents or the mother or the father have been granted custody of the child by a court of competent jurisdiction and
(2) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year or
(3) The other legitimate parent is a nonresident of this state and has failed to support the child for a period of one year after judgment axcarding custody to the mother or father or grandparent or grandparents. [Emphasis supplied by court.]
On Application for Rehearing.
En Banc. Rehearing denied.

. See LSA-R.S. 9:421 et seq., especially 425, 427, as interpreted by In re Harville, 233 La. 1, 96 So.2d 20, In re Byrd, 226 La. 194, 75 So.2d 331, and Green v. Paul, 212 La. 337, 31 So.2d 819. See also Wadlington, Adoption of Persons under Seventeen in Louisiana, 36 Tul.L.Rev. 201 (1962), esp. 210, 217-219; Pugh, Juvenile Laws of Louisiana 254r-261 (Louisiana Youth Commission, 1957), also 1962 Supplement thereto at 35-36.

. LSA-R.S. 9:427, as interpreted by jurisprudence; see summary in In re 'Hughes, La.App. 1 Cir., 176 So.2d 158, 162-163. See also authorities cited in Footnote 1 above.
If a step-parent desires to adojrt, the ■written consent of his spouse (a legitimate parent of the child) will avoid the necessity of impleading such spouse as a party to the adoption. LSA-R.S. 9:422. This is the only statutory reference to any written consent of a parent in the, adoption proceedings.