SCHOTT, Judge.
This is an appeal from the dismissal of an adoption petition filed by the natural mother and her husband, Mrs. Dorothy Belinski, wife of/and Ival O. Crile. The proceeding was brought pursuant to LSA-R.S. 9:434, authorizing a final decree at first hearing where the spouse of the petitioner is the legitimate parent of the child and the child has lived in their home for six months or longer. The whereabouts of the legal father were not known and therefore pursuant to the provisions of R.S. 9:426 a curator ad hoc was appointed to accept service for the absent father. The curator filed an exception of no cause of action based upon R.S. 9:422.1. The judgment appealed from maintained the exception.
Appellants contend that R.S. 9:422.1 is intended to be used only when the natural or legitimate parent affirmatively opposes the adoption but “that the curator cannot apply the missing scienter of the absent parent by affirmatively lodging his opposition and then requiring that the artificial opposition then be overcome per the dictates of the Louisiana Revised Statute 9:422.1.”
It is a well settled principle in Louisiana law that no adoption may take place without consent of the natural parents, unless their parental rights have been forfeited and necessity of their consent dispensed with, as in the case of abandonment or failure to support. In Re: Merrill, 246 So.2d 207 (La.App. 1st Cir. 1971)
Adoption statutes, being in derogation of the natural rights of the legitimate *337 parent of the child, must be strictly construed in favor of the parent and must be strictly complied with. Roy v. Spear, 249 La. 1034, 192 So.2d 554 (1966); In Re Hughes, La.App., 176 So.2d 158 (La.App. 4th Cir. 1965) These decisions concern R.S. 9:422.1 and apply the rule of strict construction to the application of the statute which provides as follows:
“If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child, then the consent of the other legitimate parent is not necessary if the first and second or the first and third conditions exist:
(1) The spouse of the petitioner or the grandparent or grandparents or the mother or the father have been granted custody of the child by a court of competent jurisdiction and
(2) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year or
(3) The other legitimate parent is a nonresident of this state and has failed to support the child for a period of one year after judgment awarding custody to the mother or father or grandparent or grandparents.”
In the instant case the first condition does not exist. The judgment of divorce, obtained by Mrs. Crile on June 22, 1970, does not award custody of the child, Benjamin Jones, to her. In fact, the child is not mentioned in the judgment. Therefore, appellants cannot invoke the statute’s provisions.
As to appellants’ argument, that an affirmative opposition must be expressed in order for the statute to come into play, while it is true that consent was not denied in this case by the legal father, it is also true that consent was not given, so that the case obviously comes within the purview of the statute. Clearly, the best interests of Benjamin Jones would be served by providing him with two parents in a relatively stable home, and the equities are in favor of granting the adoption. But in the face of positive law which the jurisprudence has held must be strictly complied with, we have no alternative but to affirm the judgment of the trial court.
It should be pointed out here, that the appellant stepfather is not forever prevented from adopting Benjamin Jones. Appellant mother may obtain legal custody of the child and then one year later, according to R.S. 9:422.1 her husband may again file his petition for adoption.
In his brief and oral argument, the curator has asked us to award a fee for his services in this Court. The fee for his services in the juvenile court was awarded by the trial judge. Considering the financial circumstances of the parties a nominal fee of $150 should be awarded and taxed as costs of this appeal. Trahan v. Trahan, 142 So.2d 571 (La.App.3rd Cir., 1962).
Accordingly, the judgment is affirmed. All costs, including an additional fee of $150 for the curator representing Thomas William Jones are assessed against appellants.
Affirmed.