313 So.2d 849 (1975)
In re Stephen Scott STANFORD.
Joe Donald PROCELL, Petitioner-Appellant,
v.
Kenneth Donald STANFORD, Defendant-Appellee.
No. 12616.
Court of Appeal of Louisiana, Second Circuit.
June 3, 1975.
Rehearing Denied July 1, 1975.
*850 Bethard & Davis by J. Q. Davis, Coushatta, for petitioner-appellant.
Love, Rigby, Dehan & Love by Truly W. McDaniel, Shreveport, for defendant-appellee.
Before BOLIN, PRICE and DENNIS, JJ.
BOLIN, Judge.
Petitioner, Joe Donald Procell, seeks to adopt his stepson, Stephen Scott Stanford, who is the child of petitioner's wife by her previous marriage to Kenneth Donald Stanford, who opposes the adoption. From an adverse judgment petitioner appeals and we affirm the judgment of the lower court.
The only issue is whether the consent of the father to the adoption of his son is unnecessary under Louisiana Revised Statutes 9:422.1, the pertinent part of which is:
"If the spouse of the petitioner is the legitimate parent of the child . . . then the consent of the other legitimate parent is not necessary if the first and second or the first and third conditions exist:
"(1) The spouse of the petitioner. . . have [has] been granted custody of the child by a court of competent jurisdiction and
(2) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year or
(3) The other legitimate parent is a nonresident of this state and has failed to support the child for a period of one year after judgment awarding custody to the mother or father . . . ."
Brenda Lorraine Rogers obtained a judgment of separation from Kenneth Donald Stanford in Red River Parish on September 11, 1970. This judgment awarded custody of the minor child, Stephen Scott, to his mother and condemned the father to pay $55 per month for the support of the child. Thereafter the father, defendant herein, intermittently paid some child support, the total amount being seriously disputed.
In September 1971, Brenda Stanford instituted suit against her husband for a final divorce based on having lived separate and apart for more than a year after the rendition of the judgment of separation. The sheriff's return on the citation having reflected defendant was possibly in the State of Mississippi, a supplemental petition was filed requesting the appointment of a curator. The curator was appointed and he contacted Kenneth Donald Stanford's mother at Coushatta, Louisiana, who informed the curator her son was working on an oil rig near Cameron, Louisiana. The attorney mailed a letter to Mr. Stanford addressed to Cameron, Louisiana. Receiving no answer to the letter, the curator filed an answer in the form of a general denial.
On October 22, 1971, Brenda Stanford was granted a judgment of final divorce from Kennth Donald Stanford and the permanent care and custody of the minor, Stephen Scott Stanford. However, there was no provision for child support included in the judgment.
The petition for adoption was filed on April 26, 1974, alleging Kenneth Donald Stanford was a nonresident of the State of Louisiana whose last known address was general delivery, Cleveland, Texas. A curator ad hoc was appointed to represent the alleged nonresident. In answer to interrogatories propounded to Kenneth Donald *851 Stanford by the petitioner, and by Stanford's testimony during the hearing, it was shown that Stanford was a resident of Shreveport, Louisiana at the time of the filing of the adoption proceedings. Mr. Stanford employed counsel to represent him in the adoption proceedings.
The testimony of witnesses and other evidence introduced during the adoption proceedings preponderates that from the time of the judgment of final divorce up to and including the hearing in the adoption proceedings, defendant Standford was a resident of Louisiana, either residing with his mother in Coushatta or with his present wife in Shreveport. During this time he was absent from the state for short periods of time following his trade as an oil field worker.
In his reasons for judgment the juvenile judge found Stephen's father had periodically made small payments for the support of his son, "which would indicate he has not totally disregarded his child or demonstrated so little interest as is contemplated by the appellate courts of this state." He further found the father had returned to Louisiana and remained in the Coushatta area since the rendition of the judgment of final divorce, and therefore questioned the applicability of condition (3) of R.S. 9:422.1.
We consider the first and crucial question to be whether the defendant father falls within the ambit of R.S. 9:422.1 so as to render his consent unnecessary for the adoption of his son by the son's stepfather. It is conceded the father never gave his consent for the adoption but, to the contrary, he testified during the proceedings that he was unalterably opposed to the adoption.
In interpreting R.S. 9:422.1 we are mindful of the well-established jurisprudence that adoption statutes, being in derogation of natural rights of legitimate parents, must be strictly construed in favor of such parents. Roy v. Speer, 249 La. 1034, 192 So.2d 554 (1966); In Re Ackenhausen, 244 La. 730, 154 So.2d 380 (1963); In Re LaFitte, 247 La. 856, 174 So.2d 804 (1965).
Our interpretation of R.S. 9:422.1 as applied to the facts of this case leads us to the conclusion the necessary conditions of the statute have not been shown to exist. By referring to the statute, quoted supra, the first condition does exist, i.e., Brenda Procell, mother of Stephen Scott Stanford, and the spouse of petitioner, was granted custody of the child in the final judgment of divorce. The second condition does not exist since the judgment of divorce did not contain a provision for child support. We also find the third provision has not been shown to exist in that Mr. Stanford was not a nonresident of the state either at the time of the final divorce or thereafter, including the date the adoption proceedings were filed.
Act 106 of 1962 amended R.S. 9:422.1 so as to add the third condition. This condition intended to eliminate the need for a parent's consent where he failed to support a child and it had been impossible to obtain jurisdiction over him to order him to support the child. Where the parent is not a nonresident, as in the instant case, a necessary prerequisite for dispensing with his consent is to have an order from the appropriate court requiring the defendant to support his child and proof that he has failed to comply with the order for a period of one year.
Having found that neither the second nor third condition of R.S. 9:422.1 has been complied with, the judgment rejecting petitioner's demands to adopt defendant's child without his consent is correct, which renders it unnecessary for us to pass on the question of whether the defendant failed to support his child.
The judgment of the lower court is affirmed at appellant's cost.