CHIASSON, Judge.
Appellant, David Stewart Moneyhon, Jr., appeals the interlocutory decree of adoption rendered by the Juvenile Court of La-fourche Parish which granted the temporary custody of his minor child, Alison Aline Moneyhon, to appellees, Widless Joseph Brunet and Aline Kahl Brunet.
The adoption suit was filed by the appel-lees pursuant to La.R.S. 9:422.1, based on the legal custody of the mother, Dorothy Brunet Moneyhon, her consent to the adoption, and the failure of the father, David Moneyhon, Jr., to support the child for a period of one year. Appellant filed peremptory exceptions of no right and no cause of action, because custody of the child had never been awarded to the grandparents by court judgment as required by La. R.S. 9:422.1(1), and that he had not given his consent to the adoption. The district court overruled the exceptions “as the pleadings and the law afford an opportunity to the Grandparents to adopt under the provisions of R.S. 9:422.1 * * *.” In a previous appeal from the overruling of the exceptions, we held the ruling on the exceptions to be interlocutory in nature and not appealable. In re Brunet, 393 So.2d 222 (La.App. 1st Cir. 1980). Thereafter, the case was tried on the merits and the court rendered judgment granting temporary custody of the child to Mr. and Mrs. Brunet. This appeal is from that judgment and appellant contends that the trial court committed error in overruling the exceptions of no right and no cause of action.
La.R.S. 9:422.1[1], at the time of the filing of the petition, provided:
“If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child, then the consent of the other legitimate parent is not necessary if the first and second or the first and third conditions exist:
(1) The spouse of the petitioner or the grandparent or grandparents or the mother or the father have been granted custody of the child by a court of competent jurisdiction and
(2) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year or
(3) The other legitimate parent is a nonresident of this state and has failed to support the child for a period of one year after judgment awarding custody to the mother or father or grandparent or grandparents.” (Emphasis added).
*435 Prior to the enactment of this statute, the law required the consent of the living legitimate parents for the adoption of their child or children.
In Roy v. Speer, 249 La. 1034, 192 So.2d 554 (1966), the Louisiana Supreme Court stated:
“ * * * The Natural rights flowing from this relationship (parent and child) form the basis for the legislative requirement in former statutes and jurisprudence that both parents must consent before a child can be adopted under the proceedings authorized by our law-making body. It was not until the passage of R.S. 9:422.1 by Act 501 of 1958 that the consent of both parents was dispensed with under the limited circumstances there set out; and it was not until Act 268 of 1960, amending R.S. 9:422.1, that this rule was extended to include grandparents. These statutes, being in derogation of the natural right of the parents to the child, and the right of the child to its parents, have consistently been strictly construed in the jurisprudence in favor of the parents. Green v. Paul, supra; [212 La. 337, 31 So.2d 819 (1947)] In re Ackenhausen, supra; [244 La. 730, 154 So.2d 380 (1963)] In re LaFitte, 247 La. 856, 174 So.2d 804; and In re Hughes, supra. [176 So.2d 158 (La.App. 4th Cir. 1965)].” (Footnote Omitted).
In the present case, the legitimate parents were divorced by a judgment of Harris County Court of Domestic Relations, Texas, and custody of the minor was therein granted to the mother.
No judgment of court has ever transferred the custody of the minor from the mother to the petitioners-grandparents in this case.
Although appellees have not favored us with a brief, their contention apparently is that the consent of the legitimate father is not necessary because the nonresident father has failed to support the child for more than one year and the Texas court’s custody order in favor of the mother of the minor fulfills condition Number (1) of La.R.S. 9:422.1.
The appellant contends, and we agree, that since the petitioners-grandparents have not been awarded custody of the minor child by an order of a court of competent jurisdiction, the grandparents have no cause to apply for the adoption of the minor child, Alison. The exception of no cause of action should have been sustained by the trial court.
The requirement of a prior award of custody to the petitioners-grandparents in an adoption suit required by the statute as interpreted by the Supreme Court in the ease of Roy v. Speer, supra, is dispositive of the issue presented herein. In Roy, the custodial parent attempted to vest the required custody of the child in the petitioners-grandparents by a notarial act without a court hearing or order. The court concluded that the grandparents must have been granted custody of the child as a prerequisite to instituting the adoption proceeding. The court went on to further point out that this requirement cannot be fulfilled by allegedly transferring custody of a minor child by the mere execution of a notarial act.
In our case, a prior award of custody to the grandparents has not been shown and the requirement of condition Number (1) of La.R.S. 9:422.1 has not been met. The trial court therefore erred in decreeing an interlocutory order of adoption without the consent of the other legitimate parent.
For the reasons assigned, the judgment of the trial court is reversed and judgment is rendered herein sustaining appellant’s exception of no cause of action and dismissing the petition of Widless Joseph Brunet and Aline Kahl Brunet.
All costs of these proceedings are to be paid by appellees.
REVERSED AND RENDERED.

. Although this statute has now been amended by Acts 1980, No. 462, § 1, it would not have any effect on this decision.