415 So.2d 315 (1982)
In re CDT, et ux. Applying For Adoption.
No. 14863.
Court of Appeal of Louisiana, Second Circuit.
May 10, 1982.
Rehearing Denied June 17, 1982.
*316 James E. Bookter, Bossier City, for opponent-appellant, DAYK.
Roy L. Beard, Shreveport, for plaintiffs-appellees, CDT, et ux.
Nesib Nader, Shreveport, for plaintiffs-appellees, CDT, et ux.
George E. Harp, Shreveport, for JWK.
Before HALL, MARVIN and SEXTON, JJ.
SEXTON, Judge.
The plaintiffs in this adoption proceeding were granted an interlocutory decree of adoption. The natural mother of the child appeals from the judgment of the trial court. The names of the parties involved have been omitted in the title and in this opinion in accordance with LSA-R.S. 9:437.[1] We reverse.
This case involves the attempted adoption of a newborn child. The child is the legal issue of a married couple who previously lived out of state. At the time of the child's birth on December 30, 1980, the husband and wife had been physically separated for some time although no legal separation or divorce had been finalized. It is conceded by all parties that the child was born after the husband and wife separated and that the husband is not the natural father.
The record shows that the husband pursuant to LSA-R.S. 9:422.3 et seq. has executed an authentic act of surrender of the child and has consented to the adoption of the child.
The wife's (mother) consent to the adoption is contained in an undated act before a Notary Public and two witnesses which was executed prior to the birth of the child on December 30, 1980. She executed this act in her maiden name and stated untruthfully therein that she was unmarried. She executed a written consent for the potential adoptive parents (plaintiffs) to remove the child from the hospital on December 31, 1980. It was also executed in her maiden name. The plaintiffs removed the child from the hospital and took it to *317 their home where the child has remained since.
This situation arose when the plaintiffs, pursuant to their desire to adopt a child, placed an advertisement in the local newspaper expressing their interest in adopting a child. They received an anonymous telephone call suggesting that an attorney in Shreveport, Nesib Nader, could help them. They contacted Mr. Nader and were told that a baby would be available for adoption in December. In return, the plaintiffs were to pay for the mother's living expenses during the pre-natal period, hospital expenses, and the expenses of the adoption. The evidence supports the finding that the plaintiffs paid these expenses, at first through Mr. Nader and then to the mother directly.
Mr. Nader filed the original petition for adoption on February 26, 1981, and the hearing on the petition for the interlocutory decree of adoption was set by the Court on April 7, 1981. However, since the Department of Health and Human Resources was unable to complete its required investigation of the plaintiffs by that time, the case was continued. On May 28, 1981, Mr. Nader filed a supplemental and amended petition alleging the existence of the legal father and requesting the appointment of a curator ad hoc to represent him. A curator ad hoc was appointed and the case was set for trial. On August 29, 1981, the mother filed an opposition to the adoption and a trial ensued.
The respondent-mother argues that no valid consent was given under either LSA-R.S. 9:422.6 or 9:429,[2] and alternatively if consent was found that she withdrew her consent prior to the rendition of an interlocutory decree.
The plaintiffs argue that the provisions of LSA-R.S. 9:429, as amended by Acts 686 of 1979, permit the court to render an interlocutory decree of adoption if it finds the adoption in the best interest of the child.
The trial court after lengthy examination of the statutes dealing with adoption and the recent changes to those statutes determined that the undated act signed by the mother, using her maiden name and falsely stating that she was unmarried, constituted a Notarial Act of Consent under LSA-R.S. 9:429 and therefore under provisions of the statute "... the Court is not bound to deny the interlocutory decree if it is found to be in the best interest of the child."
We cannot agree. Upon examination of the statutes in question we find that an "Authentic Act of Voluntary Surrender" is necessary to grant legal custody of the child identified in the act to the person or *318 persons named or represented in the act.[3] The requisites for an "Authentic Act of Voluntary Surrender" are contained in LSA-R.S. 9:422.6 (see footnote 2). The act executed in the instant case is so deficient that it cannot serve as an act of surrender. Of primary significance is the fact that the act was executed prior to the birth of the child and not after the fifth day following the birth of the child. Further, the parents were not identified. The mother did not identify herself properly, nor did she truthfully state her marital status. The date of birth of the child was not stated because, of course, the date was not known at the time the act was executed.
Even had the contents of the act of surrender complied with the requirements of LSA-R.S. 9:422.6 we find that since the act was signed earlier than the fifth day after the birth of the child, and since the surrendering parents were not represented by an attorney at the execution of the act of surrender, as required by LSA-R.S. 9:422.7,[4] the act is without effect.
The legislature has provided for a specific and exclusive method by which private adoptions are to be carried out. That procedure as set forth in LSA-R.S. 9:422.3 et seq. provides for an act of surrender to be executed in the manner prescribed. Adoption laws, being in derogation of natural rights, are strictly construed in favor of parents. Roy v. Speer, 249 La. 1034, 192 So.2d 554 (1966). Thus an act that fails to comply with the requirements as set forth in LSA-R.S. 9:422.3 et seq. is without effect. Since we find that there was no valid act of surrender, we do not reach the issue of withdrawn consent, nor do we reach the issue of the best interest of the child.
For the reasons assigned, the judgment of the trial court is reversed with costs assessed to the plaintiffs.
REVERSED.
NOTES
[1] LSA-R.S. 9:437. Admission to hearings; inspection or publication of proceedings; indices; adoption records confidential

A. All the proceedings provided in this Subpart shall be heard by the judge in chambers, and no one shall be admitted to the hearings except the parties in interest, their attorneys, and officers of the court. Records of the proceedings shall not be open to inspection except on written authorization by the court and there shall be no publication thereof. Such written authorization shall be granted only upon a showing of compelling reasons and then only to the extent necessary to satisfy such compelling necessity. In satisfying the requirement that information shall be revealed only to the extent necessary to satisfy the compelling necessity shown, the court is authorized to use the services of a curator ad hoc appointed pursuant to Article 5091.2 of the Louisiana Code of Civil Procedure. No one except the judge presiding in the case, or his successor, shall have access to the confidential report rendered to the judge by the department. The court may punish for contempt anyone violating the provisions of this Section. Amended by Acts 1978, No. 450, § 1.
B. The clerks of the respective juvenile courts shall keep separate indices of all suits filed in accordance with this Sub-part, and shall index these suits in the name of the parties filing the petition and in the name of the child to be adopted. These records are subject to the same safeguards as are prescribed for all proceedings. Following final disposition of the case, all confidential reports submitted by the department to the judge may in the judge's discretion be destroyed or returned to the department or be retained in confidential files.
C. All adoption records of agencies shall be retained in confidential files and it shall be unlawful, except for purposes directly connected with the agencies' responsibilities in relation to adoption work, and then subject to the agencies' rules and regulations, to disclose any information concerning any individual adoption case. Any person who violates the foregoing provision shall be fined not more than five hundred dollars or imprisoned for not more than ninety days, or both.
[2] LSA-R.S. 9:422.6. Formal act of surrender; contents

The formal act of surrender shall identify the parents or parents of the child by name, parish of domicile, age, and marital status; shall identify the child and the parish of birth of the child; shall indicate the name and address of the person or persons to whom the surrender is made, or the name and address of the representative of that person or persons; and shall recite: (1) the date of birth of the child to be surrendered and that the act is not signed earlier than the fifth day following that date; (2) that the parent or parents freely and voluntarily surrender custody of the child for the purpose of private placement and adoption; (3) that the parent or parents consent to the adoption; (4) that the parent or parents have been informed and understand that their rights as parents of the child are to be terminated, and (5) that notice and service of any pleading of any sort in any subsequent adoption proceeding is waived. Should a surrendering parent of the child be under the age of eighteen at the time of signing, the formal act shall also recite that fact and shall state that the surrendering parent under the age of eighteen is joined in signing the formal act of surrender by those individuals indicated in R.S. 9:422.3. Each necessary party must sign in the presence of a notary and two witnesses, although it is not necessary that they sign the same instrument. Added by Acts 1979, No. 686, § 1.
LSA-R.S. 9:429. Interlocutory decree
The judge, upon examining the confidential report and upon the parties being interrogated, may grant or refuse to grant an interlocutory decree during or after the hearing hereinabove provided. The clerk of court shall forward a certified copy of the decree to the department. The withdrawal of consent of the adoption of a child, once given in a notarial act by the parent or parents of the child, shall not bar an interlocutory decree of adoption, if the court considers the decree in the best interest of the child. Added by Acts 1979, No. 686, § 4.
[3] LSA-R.S. 9:422.8. Effect of formal act of surrender

The formal act of voluntary surrender grants the legal custody of the child identified in the act to the person or persons named or represented in the act. Further, the formal act of voluntary surrender grants the irrevocable consent, except as specifically provided in R.S. 9:422.10, of the surrendering parent or parents to the adoption of the child by the person or persons named or represented in the act. Should there be only one parent indicated on the birth certificate referenced in R.S. 9:422.4, the surrender by that parent alone terminates all parental right whatsoever, except as provided in R.S. 9:422.10. Added by Acts 1979, No. 686, § 1.
[4] LSA-R.S. 9:422.7. Time at which formal act of surrender may be executed

The formal authentic act of voluntary surrender shall not be signed earlier than the fifth day following the date of the birth of the child to be surrendered. The surrendering parent or parents shall be represented by an attorney at the execution of the act of surrender. Added by Acts 1979, No. 686, § 1.