11 KLEES, Chief Judge.
Gail and Michael Dignam appeal from a judgment of the trial court in this matter relating to the custody of the minor child, Brianna Cox. For the reasons stated herein, we affirm.

Facts and Procedural History

On September 27, 1988, Heather Cox Hall gave birth to a daughter in San Pete County in the State of Utah. At the time of the birth, Mrs. Hall was 18 years of age and unmarried. Heather Hall subsequently executed a document entitled “Act of Surrender for Purposes of Adoption,” surrendering custody of the minor child to her mother and stepfather, Gail and Michael Dignam. The Dignams are residents of New Orleans, and they maintained custody of the minor child, Brianna, for approximately seven years. Mrs. Hall remained in Utah and later married Kert Hall.
In 1995, Brianna began living with Ruby Ray, Mrs. Dignam’s mother who also resided in Utah. Early in 1996, Mrs. Hall sought custody of the child from 1?Mrs. Ray, and Mrs. Ray allowed Mrs. Hall to take Brianna. Shortly thereafter, Mrs. Dignam flew to Utah and returned to New Orleans with Brianna.
On January 24, 1996, the Dignams filed a Petition for Custody of the minor child in Civil District Court. By consent of the parties, the trial court appointed a psychologist to conduct a custody evaluation and prepare a report. The lengthy and detailed report was submitted to the -court on March 25, 1998. Following a status conference on May 29, 1998, the trial court awarded temporary custody of the minor child Brianna to her biological mother, Heather Cox Hall, pending a hearing on permanent custody. No appeal was taken from this ruling. Brianna has remained in Mrs. Hall’s custody in Utah since May 29, 1998.
On August 24, 1998, the Dignams filed the instant Petition for Declaratory Judgment and to Vacate Interim Judgment. In this petition, the Dignams sought a determination that the Act of Surrender executed by Heather Cox Hall was valid and thus legally enforceable. The Dignams further sought to vacate the trial court’s ruling on custody rendered on May 29, 1998, and they argued that custody should be awarded to them based on the terms of the Act of Surrender.
This matter came for hearing on December 8, 1998, and following the introduction of testimony and evidence, the trial court took the matter under advisement. By judgment rendered February 18, 1999, the trial court found that the Act of Surrender was invalid and unenforceable. The trial court further denied the Dignams’ petition to vacate the interim judgment, and held that temporary sole ^custody of the minor child Brianna would remain with Mrs. Hall pending a hearing on permanent custody. It is from this judgment that the Dignams now appeal.

Discussion

Appellants first argue that the trial court lacked subject matter jurisdiction to determine the validity of the Act of Surrender. Appellants contend that juvenile court, and not the district court, is the proper and exclusive forum for all adoptions. In support of this argument, appellants cite La. R.S. 9:422.3 B, the Louisiana Children’s Code and Article 7, Section 96 of the state constitution. While we do not *650 dispute appellants’ contention that matters of adoption fall within the jurisdiction of the juvenile court, we fail to find that the present case involves a matter of adoption. Although appellants point to the title of the document executed by the parties, “Act of Surrender for the Purposes of Adoption,” there have been no adoption proceedings instituted in this case. Rather, the Dignams maintained custody of Brianna for over seven years without seeking to adopt the child. In fact, the Dig-nams themselves instituted these proceedings in the district court by filing a petition for custody. Following the determination of that matter, the Dignams sought to enforce the Act of Surrender executed by Mrs. Hall in Utah. We fail to find that this case presents an adoption matter which would preclude the district court from exercising subject matter jurisdiction. Appellants’ argument is therefore without merit.
| ¿Appellants next contend that the trial court erred by transferring custody of Brianna to Mrs. Hall prior to a determination of the minor child’s best interests. Appellants argue that the Act of Surrender had the effect of transferring custody of the child to the Dignams, and that even if the document is deemed to be invalid, custody should remain with the Dignams pending the determination of the child’s best interests.
However, the matter of custody of this child was squarely placed before the court when the Dignams filed their petition for custody in 1996. The trial court appointed Dr. Leighton Stamps to conduct an evaluation of the custody dispute, and Dr. Stamps interviewed the child and all parties involved. Dr. Stamps submitted a report to the trial court in March of 1998 recommending that custody of the child be awarded to Mrs. Hall. Following the submission of this report, the trial court issued an order awarding temporary custody of the child to Mrs. Hall, pending a hearing on the matter of permanent custody. Appellants failed to seek appellate review of this order.
Thus, temporary custody was established by the order rendered in March of 1998, and the trial court’s judgment of February 18, 1999 did not have the effect of transferring custody of the minor child. Rather, the trial court denied appellants’ petition to vacate the interim custody order and ordered that Mrs. Hall maintain temporary custody pending a hearing for permanent custody. We find no error in the ruling of the trial court, and appellants’ argument is without merit.
| .^Appellants next contend that the trial court erred in determining that the Act of Surrender executed by Heather Hall did not comply with the statutory requirements. At the time of the execution of the document in the present case, LSA-R.S. 9:422.3 A provided in pertinent part:
The parent or parents of a child may execute an authentic act for the purpose of voluntarily surrendering the custody of the child for private adoption.... The act of surrender shall be presumptive evidence of a legal and voluntary surrender only if it contains every element required by R.S. 9:422.6, and is in all other respects executed in accordance with the provisions of this Sub-part.
At the time this document was executed, the contents required for an authentic act of surrender was listed in LSA-R.S. 9:422.6. Mrs. Hall argued to the trial court that the document failed to satisfy each of these elements and was therefore invalid. The Dignams argued that the challenge to the document was based on technicalities which did not render the document per se invalid.
In its reasons for judgment, the trial court stated as follows:
The Court, after reviewing the proposed Act of Surrender finds multiple inadequacies, which raises questions as to the validity of the document. While *651 any one of these deficiencies alone might be acceptable, all of them collectively, cause serious concerns about the documents [sic] validity.
Testimony presented during the hearing of December 8, 1998 creates doubts as to the intent of the parties in drafting this document. First, the document was drafted by an attorney for the Dignams. Second, the attorney, who Petitioners allege served as Defendant’s counsel, was a notary licensed in Utah, not an attorney licensed to practice in the state of Louisiana. The testimony before the Court was that the attorney served only as a notary and offered no explanation as to the legal consequences of signing the document. Defendant testified that her intent was to create a guardianship for the benefit of her daughter. She further stated that Petitioner, Ms. Dig-nam, had requested the surrender so that the child could receive health benefits. The Court finds that Defendant was never afforded the opportunity to | fidiscuss with an attorney, who truly represented to her the terms and impact of the document.
We have carefully reviewed the entire record in this case and find that the trial court’s determinations are well-supported by the testimony and evidence. The document was not dated, nor was it signed by the Dignams or their counsel as required by the statute. More importantly, there is no evidence that Mrs. Hall had the benefit of an attorney to advise her of the consequences of executing the document: the termination of her rights as a parent. The testimony presented at trial indicates that the Utah attorney who witnessed the execution of the document performed the functions of a notary rather than of an attorney retained to represent Mrs. Hall’s interests.
LSA-R.S. 9:422.6(11) requires the surrendering parent to be advised by an attorney other than the attorney for the adoptive parents that all parental rights are to be terminated upon executing the act subject only to the right of revocation contained in the statute. Mrs. Dignam testified at the hearing of this matter that the notary who witnessed the execution of the act was not retained by either herself or Mrs. Hall. Mrs. Hall also testified that she was looking for a notary to witness the act, and “by coincidence he was also an attorney.” Mrs. Hall testified that she was never informed by the Utah attorney that the termination of her parental rights was irrevocable.
Clearly, from the testimony presented at trial, there was no attorney representing either Mrs. Hall or Mrs. Dignam. We conclude that Mrs. Hall was not given adequate legal representation prior to executing this act. The Dignams failed to prove that the document was in substantial compliance with the 17requirements of LSA-R.S. 9:422.6, and we find no error in the trial court’s determination that the document is therefore unenforceable.
Further, LSA-R.S. 9:422.7 provided that the surrendering parent shall be represented at the execution of the act by an attorney at law licensed to practice law in Louisiana. There is no dispute in the present case that the Utah attorney who notarized the act of surrender was not an attorney licensed to practice law in Louisiana. We agree with the trial court’s finding that Mrs. Hall was prejudiced by the lack of statutory compliance and the lack of proper representation.
In addition, LSA-R.S. 9:422.5 provides that the voluntary surrender may be made only for the purpose of actually adopting the child. In the present case, there was no attempt on the part of the Dignams to adopt young Brianna. The fact that the child was never adopted after the purported surrender further supports the trial court’s determination with regard to the validity of the act of surrender.
In its final argument, appellants contend that the trial court erred in determining that Mrs. Hall did not intend to surrender Brianna to the Dignams for the *652 purposes of adoption when she executed the Act of Surrender. However, this argument has no merit. The trial court was presented with the testimony of Mrs. Hall that she believed the surrender was for the purposes of guardianship rather than adoption. This testimony is supported by evidence in the record that the Dignams never initiated adoption proceedings during the seven year period that they had custody of Brianna.
Under the facts presented in this case, we find no error in the trial court’s determination that the act of surrender executed in Utah by Mrs. Hall did not comply with the requirements of the Louisiana statute. The deficiencies in the document are substantive and are not merely technical. We agree with the trial |scourt that Mrs. Hall was prejudiced by the lack of compliance with the statute. The act of surrender is therefore without effect. See, In re CDT, 415 So.2d 315 (La.App. 2 nd Cir.1982).
Accordingly, for the reasons assigned herein, the judgment of the trial court is affirmed. Appellants are to bear all costs of this appeal.
AFFIRMED.