LEAR, Judge,
dissenting.
Although I joined the majority in our prior judgment rendered in this matter (see In Re: Brunet, 408 So.2d 433 (La.App. 1st Cir. 1981), after further consideration of this matter, I now believe that the judgment of the juvenile court should be affirmed.
At the time of the filing of the petition, LSA-R.S. 9:422.1 provided:
“If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child, then the consent of the other legitimate parent is not necessary if the first and second, or the first and third, conditions exist:
“(1) The spouse of the petitioner or the grandparent or grandparents or the mother or the father had been granted custody of the child by a court of competent jurisdiction, and
“(2) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year, or
“(3) The other legitimate parent is a non-resident of this State and has failed to support the child for a period of one year after judgment awarding custody to the mother or father or grandparent or grandparents.”
The first condition, which must exist in every case, requires a prior granting of custody. However, this provision does not, in my view, require that the adopting person must first have been granted custody. Part of this provision allows adoption if the “mother or the father have been granted custody of the child.” Considering this language, I do not believe that the legislature could have intended this provision to be read as a requirement that the adopting person first have been granted custody of the child. In no case would a mother or father seek to adopt their own child, and thus be required to obtain custody of the child first. I believe that this provision is more properly read to require that the mother or father (one of the child’s legitimate parents) have been granted custody of the child prior to a grandparent’s petitioning for adoption. This seems even more clear when reading the remaining sections of the statute which dispense with the consent of the “other legitimate parent,” meaning the noncustodial parent.
The history and legislative evolution of this statute further convinces me that the clear intent of the legislature was to allow the grandparents, who did not themselves have custody, to adopt their grandchild where one of the legitimate parents had custody and the other legitimate parent comes within the second or third provision of the law.
This statute’s original form was contained in Act 501 of 1958, Section 1, which allowed only the spouse (the step-parent) of the custodial parent to adopt where the other parent had refused or failed to comply with a court order of support for a period of three or more years. The law was then expanded by Act 268 of 1960, Section 1, which added a grandparent or grandparents of the child to the class of persons allowed to adopt without the consent of the other legitimate parent where the other parent has refused or failed to comply with a court order of support for a period of one year or more. This addition, however, further required that the grandparent or grandparents themselves have been granted custody of the child by a court of competent jurisdiction. Thus, at this point a grandparent or grandparents were required to *467 have been awarded custody of their grandchild prior to seeking to adopt the child.
A further amendment of the statute, Act 106 of 1962, Section 1, added the words, “or the mother or the father” to the custody requirement contained in the subsection (1). Act 106 also added subsection (3), which made the consent of the other legitimate parent unnecessary if that parent is a nonresident and has failed to support the child for a period of one year after judgment awarding custody to the mother or father or grandparent or grandparents. This language in subsection (3) appears to further confirm the legislature’s intent to allow the award of custody to the mother or father to meet the custody requirement where a grandparent or grandparents seek to adopt their grandchild.
For these reasons I find that an award of custody to the mother or father will satisfy the custody requirement contained in R.S. 9:422.1(1), and I therefore respectfully dissent.