433 So.2d 1115 (1983)
In re G.O., et ux Applying for Adoption.
No. 82-743.
Court of Appeal of Louisiana, Third Circuit.
May 25, 1983.
Rehearing Denied July 14, 1983.
*1116 Russell T. Tritico, Lake Charles, for plaintiff-appellant.
Levingston, Tynes & Liles, Henry R. Liles, Lake Charles, for defendant-appellee.
Before GUIDRY, STOKER and KNOLL, JJ.
GUIDRY, Judge.
The plaintiffs in this adoption proceeding appeal the judgment of the trial court denying their petition for adoption on the ground that the natural mother's act of surrender is invalid. The names of the litigants have been omitted in the title and in this opinion in accordance with LSA-R.S. 9:437. The parties are referred to by their initials.
The child which the plaintiffs seek to adopt was born on May 14, 1982. On May 20, 1982, the natural mother executed a formal act of surrender, whereby she surrendered the child to the plaintiffs, G.O. and B.O., for the purpose of adoption. On June 4, 1982, the natural mother executed a document styled "Declaration of Revocation of Adoption", wherein she stated her intention not to give the child up for adoption. The plaintiffs' petition for adoption was filed on June 8, 1982. The natural mother filed an exception of no cause of action, which was sustained by the trial court. The plaintiffs appeal.
The issues presented on appeal are: (1) whether the formal act of surrender complied with the requirements of LSA-R.S. 9:422.6; (2) whether the act of surrender was executed subsequent to the period of delay provided by LSA-R.S. 9:422.7; and, (3) if the act of surrender is found to be valid whether adoption of the child by G.O. and B.O. would be in the best interest of the child.

FORMAL ACT OF SURRENDER
The trial court found that the formal act of surrender executed by the natural mother reserved a right to the surrendering parent which is not authorized by the adoption laws, i.e., the right to revoke the act of surrender itself and all its effects. He concluded that the reservation of such right in the act rendered the act invalid for failure to strictly comply with the adoption laws.
LSA-R.S. 9:422.8 provides for the effect to be given the formal act of surrender:
"The formal act of voluntary surrender grants the legal custody of the child identified in the act to the person or persons named or represented in the act. Further, the formal act of voluntary surrender grants the irrevocable consent, except *1117 as specifically provided in R.S. 9:422.10, of the surrendering parent or parents to the adoption of the child by the person or persons named or represented in the act. Should there be only one parent indicated on the birth certificate referenced in R.S. 9:422.4, the surrender by that parent alone terminates all parental rights whatsoever, except as provided in R.S. 9:422.10."
LSA-R.S. 9:422.10 provides that the surrendering parent or parents may revoke the consent to adoption within thirty days after executing the formal act of surrender.
The formal act of surrender thus has the threefold effect of (1) transferring custody of the child to the person or persons named in the act; (2) granting the consent of the surrendering parent or parents to the adoption, subject to the right of the parent or parents to withdraw consent within thirty days; and, (3) termination of all parental rights. This right to revoke consent has the limited effect of giving the surrendering parent or parents standing to oppose the adoption. It has no effect on the transfer of custody effected by the formal act of surrender or the termination of parental rights.
The trial judge found that the act of surrender executed by the natural mother was invalid because of the inclusion of the following language in the act:
"E.S. also fully understands that this Act of Surrender is completely irrevocable, if no written opposition is served on G.O. and B.O., by certified or registered mail within thirty (30) days, after the execution of the Act of Surrender." (emphasis supplied)
The trial judge interpreted the foregoing language to mean that the act of surrender itself with all its attendant effects, i.e., the transfer of custody, the termination of parental rights and the consent to adoption, was revocable if an opposition was filed within 30 days. He found that such a provision, purporting to grant the surrendering parent the right to revoke the entire act of surrender, was in conflict with the adoption laws and rendered the act of surrender invalid. In his oral reasons for judgment, the learned trial judge opined:
"The instrument further states, `E.S. also fully understands that this act of surrender is completely irrevocable.' If it went no further I'd have no question with it. However, the sentence goes on to say, `if no written opposition is served on G.O. and B.O. by certified or registered mail within 30 days after the execution of this act of surrender.' This indicates clearly that the act of surrender can be revoked by her within 30 days. Of course, the statute has a 30-day provision for a surrendering parent to notify the adoptive parents that they are going to contest the adoption. In my opinion, this is limited to showing that the adoption will not be in the best interest of the child. But this document is written in terms which provide that the surrender itself is revocable, if the surrendering parent serves a notice to this effect within the 30 days.
Under the circumstances the Court must necessarily conclude that the surrender document attached to the petition does not comply strictly with the terms of the law and therefore being without effect the peremptory exception of no cause of action is applicable."
The trial court's interpretation of the quoted phraseology in the act of surrender is not an unreasonable one. However, we choose to rely on other grounds in concluding that the act of surrender is invalid.
The formal act of surrender for purposes of private adoption is evidence of a legal and voluntary surrender only if it is executed in accordance with the requirements established by the legislature. LSA-R.S. 9:422.3. These requirements are listed in LSA-R.S. 9:422.6, which provides:
"The formal act of surrender shall identify the parents or parent of the child by name, parish of domicile, age, and marital status; shall identify the child and the parish of birth of the child; shall indicate the name and address of the person or persons to whom the surrender is made, or the name and address of the representative of that person or persons; and shall *1118 recite: (1) the date of birth of the child to be surrendered and that the act is not signed earlier than the fifth day following that date; (2) that the parent or parents freely and voluntarily surrender custody of the child for the purpose of private placement and adoption; (3) that the parent or parents consent to the adoption; (4) that the parent or parents have been informed and understand that their rights as parents of the child are to be terminated, and (5) that notice and service of any pleading of any sort in any subsequent adoption proceeding is waived. Should a surrendering parent of the child be under the age of eighteen at the time of signing, the formal act shall also recite that fact and shall state that the surrendering parent under the age of eighteen is joined in signing the formal act of surrender by those individuals indicated in R.S. 9:422.3. Each necessary party must sign in the presence of a notary and two witnesses, although it is not necessary that they sign the same instrument."
In the instant case, the formal act of surrender executed by the natural mother, a copy of which is attached as Appendix 1, fails to recite that the surrendering parent or parents consents to the adoption, as required by subsection (3). The appellants contend that the document, read as a whole, clearly indicates that the natural mother consented to the adoption. They emphasize the following language contained in the act:
"E.S., now freely, voluntarily, and irrevocably surrenders custody of W.C.S. for the purpose of adoption, to G.O. and B.O...."
The appellants urge that the foregoing language necessarily implies that E.S. consented to the adoption of her child, and that the requirement of subsection (3) has been fulfilled.
We agree that one could imply from a reading of the entire document that it was E.S.'s intention to consent to the adoption of her child by G.O. and B.O. However, in our view, the consent to adoption necessary to the validity of an act of surrender must be express. It may not be supplied by implication. This is made clear from a reading of LSA-R.S. 9:422.6, which specifically provides that the surrender document must recite: "... (2) that the parent or parents freely and voluntarily surrender custody of the child for the purpose of private placement and adoption; (3) that the parent or parents consent to the adoption..." The legislature apparently felt that compliance with subsection (2) was inadequate to supply consent to the adoption, since they added the additional requirement, in subsection (3), that the act recite that the parent or parents consent to the adoption. We can conceive of no reason why the legislature would delineate these separate requirements if it did not intend each to be necessary to the validity of an act of surrender.
This interpretation is in accord with well settled jurisprudence regarding the construction of adoption laws. Adoption laws, being in derogation of natural rights, are strictly construed in favor of the natural parents. In re CDT, 415 So.2d 315 (La.App. 2d Cir.1982). We find no error in the judgment of the trial court finding the act of surrender invalid.
Two other issues are raised by this appeal. The first concerns the five-day waiting period provided for by LSA-R.S. 9:422.7 and whether LSA-C.C.P. Art. 5059 applies to the method of computation of such period. The other issue concerns whether adoption by the prospective parents would serve the best interest of the child. It is unnecessary to reach these issues since we find that the formal act of surrender executed by the natural mother is invalid.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to plaintiffs-appellants.
AFFIRMED.
KNOLL, J., dissents and assigns written reasons.
*1119
 APPENDIX I
STATE OF LOUISIANA :
 FORMAL ACT OF SURRENDER
PARISH OF CALCASIEU :
BEFORE ME, the undersigned Notary Public, and in the presence of the undersigned competent witnesses, personally came and appeared:
E.S. and R.J.B., each of whom, after being duly sworn, did state:
E.S. is a single person having never been married, who resides in the Parish of Calcasieu, State of Louisiana.
R.J.B. is the attorney for E.S.
E.S., age 19, is the mother of W.C.S., and her name appears on the Birth Certificate of W.C.S.; W.C.S. was born in the Parish of Calcasieu, Louisiana; on the 14th day of May, 1982. This Act of Surrender has been executed more than five (5) days from the date of the birth of W.C.S., on the 14th day of May, 1982.
E.S., now freely, voluntarily, and irrevocably surrenders custody of W.C.S. for the purpose of adoption, to G.O. and B.O., of Route 11, Box 257, Lake Charles, Louisiana.
The effect of this Act of Surrender has been fully explained to E.S. by R.J.B., Attorney at Law, and she fully understands that her rights as mother and parent of W.C.S. are to be terminated, including all rights of inheritance from her child.
E.S. also fully understands that this Act of Surrender is completely irrevocable, if no written opposition is served on G.O. and B.O., by certified or registered mail within thirty (30) days, after the execution of this Act of Surrender.
E.S. specifically waives notice and service of any pleadings of any sort, and any subsequent adoption proceedings, and she understands that she will not receive any notice of any adoption proceedings.
SWORN TO, SIGNED AND NOTARIZED in Lake Charles, Louisiana, after being carefully read and explained to E.S. by the undersigned Notary Public, and R.J.B., Attorney at Law and lawyer for E.S., and, in the presence of the undersigned competent witnesses on this 20th day of May, 1982.
WITNESSES:
s/D.T.
s/C.A.
 s/E.S.
 s/R.J.B., Attorney
 s/C.P.
 NOTARY PUBLIC
 FILED June 8, 1982
 s/Pam Fairchild
 Deputy Clerk of Court
 Calcasieu Parish, Louisiana
Before GUIDRY, STOKER, and KNOLL, JJ.
KNOLL, Judge, dissenting.
The majority holds the act of surrender invalid since (1) it contains the language "... is completely irrevocable, if no written opposition is served ... within 30 days after the execution..."; and (2) finding the act failed to mention the word "consent". This interpretation of the act is forcing it to be declared invalid and working a grave injustice upon the adopting parents. By including the revocatory language in the act, she merely was granted the rights of opposition she had by operation of law. R.S. 9:422.10. The act also recites: "... for the purpose of adoption, to ..." rather than "consent", which have the same meaning and effect.
The baby was born on May 14, 1982. The appellee requested not to see the child. Since the baby's birth she has had no contact with the child.
The child is the issue of a single woman. The appellee was born, reared, and lived in Texas where she became pregnant. After learning she was pregnant, she wanted to have an abortion but she was too far advanced in her pregnancy. She then became interested in giving the child up for adoption.
In addition to her testimony, the evidence corroborates that she enjoyed her "night life", having lovers, and she was a user of *1120 hard drugs. She did not have a permanent home; she moved frequently.
The evidence is overwhelming that at all times during her pregnancy and after the baby's birth the appellee wanted to surrender the child for private adoption. The medical records independently corroborate the testimony of the litigants and the witnesses to this effect. The appellee recognized that a baby would interfere with her life style. She discussed her dilemma with a friend and it was through this friend that she learned of appellant's desire to adopt a child. Shortly thereafter she moved to Lake Charles and lived with the appellants until the baby was born.
The appellee executed two acts of surrender. She signed the first act while she was in the hospital, after the baby was born, but the act was executed within the five day delay period in contravention of R.S. 9:422.7. With her attorney she executed a second formal act of surrender on May 20, 1982. The attorney explained the surrender document to her and signed the document with her in the presence of two witnesses and a notary public.
By letter dated June 4, 1982, the appellee wrote the appellants informing them that she had decided not to give the baby up for adoption.

FORMAL ACT OF SURRENDER
An authentic act of voluntary surrender is necessary to grant legal custody of the child identified in the act to the person or persons named or represented in that act. LSA-R.S. 9:422.3. The act of surrender before us recites the requirements of R.S. 9:422.6: (1) it identifies the surrendering parent's name, domicile, age, and marital status; (2) it identifies the child and the parish of birth; (3) it indicates the names and addresses of the persons to whom surrender is made; (4) it recites the child's birthdate and the fact that the act of surrender was signed no earlier than the fifth day following birth; (5) it states that the parent freely and voluntarily surrenders custody of the child for the purpose of private adoption; (6) it shows that the parent has been informed and understands that her rights as a parent are to be terminated; (7) it states that the natural parent will not receive notice and service of subsequent adoption proceedings. The act was signed by the appellee and her attorney in the presence of a notary public and two witnesses.
The natural mother does not complain of any fraud or duress in obtaining her signature on the document of surrender. The record reflects that the decision to surrender her child was reached after deliberation which spanned a period of time in excess of four months. The hospital records indicate that on May 14, 1982, she signed an affidavit releasing physical custody of her child which specifically stated that she formally surrendered the child for private adoption and further waived her rights to the child. On May 17, 1982, the child was released to the adoptive parents. On the day following her release from the hospital the appellee voluntarily went to the office of her attorney to consummate the surrender.
The trial judge expressed concern that the act did not recite "consent to the adoption" but rather stated "for the purpose of adoption". "Consent to" or "for the purpose of" do not have contradictory meanings. I view the statement in an act of surrender "for the purpose of adoption" as strong as and conveying the same meaning as "consent to the adoption". The act of surrender cannot fall because of semantics.
The formal act of surrender contains two separate statements which recite that the appellee's attorney and the notary public each explained the document to her, and she acknowledged her understanding of the effect of the act to them. We hold that this notarial declaration which recited the explanation that she had been given as to the legal consequences of her signing the act coupled with her acknowledgment that she freely, voluntarily, and irrevocably surrendered custody of the child for the purpose of adoption constituted free and valid consent under R.S. 9:422.6. Matter of *1121 Adoption of Williams, 334 So.2d 811 (La. App. 4th Cir.1976).
It is clear that the requisites of R.S. 9:422.6 neither require the notification of the surrendering parent or parents of the irrevocability of the act of surrender, nor counseling that the right to file an opposition within a period of 30 days exists. The revocatory language contained in appellee's formal act of surrender was accessory information upon which the validity of the document did not rely.
R.S. 9:422.8 states in part that "the formal act of voluntary surrender grants the irrevocable consent, except as specifically provided in R.S. 9:422.10, of the surrendering parent or parents to the adoption of the child by the person or persons named or represented in the act."
R.S. 9:422.10 provides:
"The parents executing the act of legal surrender, acting jointly or individually, may oppose the adoption of the child surrendered only by a clear, written declaration of the revocation, made within thirty days after executing the formal act of surrender. The writing must reasonably identify the child surrendered and the act of surrender; attaching a copy of the act of legal surrender being sufficient. A copy of the writing must be sent by certified or registered mail to the person or persons, or their representative, identified in the act of surrender to whom the custody of the child was granted to be of any effect. Proof of actual receipt of the writing must be made by an affidavit of mailing with signed return receipt attached or by other proof as in a civil trial. Should there be only one parent indicated on the birth certificate, referenced in R.S. 9:422.4 and that parent alone has executed the legal act of surrender, then the non-indicated parent may oppose the adoption only by proof of the legal and formal acknowledgment or legitimation of the child by that parent prior to the entering of a decree of adoption. The rights and procedures in this Section are exclusive."
The rights and procedures of R.S. 9:422.10 are exclusive. By including this revocatory language in the surrender document appellee was granted only the rights of opposition which she had by operation of law.
Therefore, when the appellee signed the valid formal act of surrender, she granted by operation of law her irrevocable consent to the appellant's adoption of the child, subject only to the exclusive right of opposition granted by LSA-R.S. 9:422.10. As such, appellee's timely act of revocation should not have barred an interlocutory decree of adoption as long as such would have been in the child's best interest. LSA-R.S. 9:422.11; In re Shavor, 408 So.2d 386 (La. App. 1st Cir.1981); Adoption of Latiolais, 384 So.2d 377 (La.1980).

COMPUTATION OF TIME
The appellee attempts to invalidate the formal act of surrender on the grounds that it was executed less than five days after the birth of the child. Appellee's calculation of time is based on the exclusion of the Saturday and Sunday which intervened between the birth of the child and the signing of the formal act of surrender. Appellee's conclusion is founded on a reading of Article 5059 of the Code of Civil Procedure and Article 11 of the Code of Juvenile Procedure.
LSA-C.C.P. Art. 5059 and LSA-C.J.P. Art. 11 each state in identical language:
"In computing a period of time allowed or prescribed by law or by order of court, the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.
A half-holiday is considered as a legal holiday. A legal holiday is to be included in the computation of a period of time allowed or prescribed, except when:
(1) It is expressly excluded;
(2) It would otherwise be the last day of the period; or
(3) The period is less than seven days."
*1122 Our Supreme Court stated in Hargrove v. Gaspard, 419 So.2d 918:
"Adoption is a privilege which exists only where expressly granted by statute, and is subject to statutory restrictions and exceptions. The adoption of minors under seventeen years of age is governed by La.R.S. 9:421 et seq." (emphasis added).
In accord see: Succession of Barlow, 197 So.2d 682 (La.App. 4th Cir.1967); Roy v. Speer, 192 So.2d 554 (La.1966); Green v. Paul, 31 So.2d 819 (La.1947). Article 5059 of the Code of Civil Procedure appears under the book entitled "Miscellaneous Provisions and Definitions." (emphasis added)
In re Diaz, 31 So.2d 195 (La.1947) and Hargrove, supra, effectively classify juvenile proceedings as being sui generis. Clearly Article 17 of the Juvenile Code[1] provides that the Juvenile court exercises exclusive original jurisdiction in conformity with any special rules prescribed by law, over the proceedings for the adoption of a child. R.S. 9:422.7 establishes a special rule for the computation of time in adoption cases.
R.S. 9:422.7 states:
"The formal authentic act of voluntary surrender shall not be signed earlier than the fifth day following the date of the birth of the child to be surrendered. The surrendering parent or parents shall be represented by an attorney at the execution of the act of surrender."
In this instance the requirements for the validity of the surrender document fall within the parameters of the private adoption statute rather than the miscellaneous provisions of the Code of Civil Procedure.
I respectfully dissent.
NOTES
[1] LSA-C.J.P. Art. 17. Additional juvenile jurisdiction; special provisions

A. A court exercising juvenile jurisdiction shall have exclusive original jurisdiction, in conformity with any special rules prescribed by law, in the following cases: . . (3) Proceedings for the adoption of a child....