WILLIAMS, Judge.
This is an appeal from a decision of the trial court refusing to allow plaintiff Elizabeth Wuertz to revoke consent to an adoption.
On February 11, 1982, plaintiff signed an act of surrender transferring custody of her child to defendant, David Craig, an attorney representing unnamed parents, for the purposes of adoption. At some time after the signing of this document, plaintiff apparently changed her mind and intended to revoke this consent. Defendant refused to acknowledge the revocation as valid, and this lawsuit was instituted against Craig and the unnamed adoptive parents. After a trial on the merits, the court found in favor of the defendants. It is from this decision that the plaintiff now appeals, assigning four errors in the court below as the basis for the appeal: (1) the trial court erred in finding that the consent was freely given; (2) the trial court was in error in refusing to require the attorney who represented the parents at the adoption to disclose the name of the prospective parents; (3) the court erred in finding that the consent was not revoked; and (4) the court was in error in upholding the validity of the consent document.
EXECUTION UNDER DURESS
The plaintiff asserts as the major basis for reversal that the trial court should have found that the act of surrender was invalid because she executed it under duress.
It appears from the record and from the assertions in brief, that the person allegedly exerting the duress was the plaintiff’s grandmother, Mrs. Bertioniere. Mrs. Ber-tioniere did not testify at the hearing. The plaintiff testified that her grandmother had kept her from seeing her child and that her grandmother had hired the attorney who had represented her at the act of surrender. She also said that her grandmother had threatened her with prosecution for child abuse if she did not give up the child for adoption.
The defense asserts that there was ample evidence presented at trial on which the judge could have based its determination that the act of surrender was freely given. Although she did admit that she was afraid of going to jail, she stated under cross-examination that she fully understood that she was giving up all her rights to her child and that it was explained carefully to her. She stated that the attorney took a lot of time in this explanation. This exchange occurred during cross-examination:
Q. “And you signed this document knowing all this under your own free will; isn’t that correct?
A. Yes sir.
Tr. at 9.
Based on the information contained in the record, we can not find that the trial court abused its discretion in determining that the plaintiff signed the act of surrender freely and voluntarily.
*675 PARENTS’ ANONYMITY
Plaintiff argued that the trial court should have required the disclosure of the adoptive parents’ names by the attorney who represented them, defendant David' Craig. Plaintiff places reliance upon the decision in Brasseaux v. Girouard, 214 So.2d 401 (La.App. 3d Cir.1968) in which the court held that ordinarily no privilege prevents an attorney from testifying as to the name of his client. Id. at 410. We find this case distinguishable from Brasseaux.
Unlike Brasseaux, this is not an “ordinary” circumstance. The anonymity of adoptive parents is provided for by La. R.S. 9:422.9. This statute allows for representation of prospective adoptive parents by an attorney in the adoption proceedings. To require the disclosure of the names of the adoptive parents in cases such as this would clearly violate the intent of the legislature. Furthermore, we find there is no legal reason whatsoever for this disclosure, and the failure of the plaintiff to know the names of the adoptive parents in no way prejudices her in these proceedings.
UNTIMELY REVOCATION
Plaintiff asserts that she revoked her consent pursuant to La.R.S. 9:422.10, and that the trial court was in error in finding that this revocation was untimely. La.R.S. 9:422.10 provides for the revocation of an act of surrender if made within certain procedural guidelines:
The parents executing the act of legal surrender, acting jointly or individually, may oppose the adoption of the child surrendered only by a clear, written declaration of the revocation, made within thirty (30) days after executing the formal act of surrender. The writing must reasonably identify the child surrendered and the act of surrender; attaching a copy of the act of legal surrender being sufficient. A copy of the writing must be sent by certified or registered mail to the person or persons, or their representative, identified in the act of surrender to whom the custody of the child was granted to be of any effect. Proof of actual receipt of the writing must be made by an affidavit of mailing with signed return receipt attached or by other proof as in a civil trial ... The rights and procedures in this Section are exclusive, (emphasis added)
The testimony presented on the time of revocation and the notification of such is, at best, conflicting. The attorney representing the plaintiff testified at trial that he notified David Craig shortly after the act of surrender that his client wished to revoke the surrender. Craig, however, testified that he received a phone call two or three weeks later saying that there would be a revocation. Filed into evidence, was a letter from plaintiff’s attorney to Craig, dated February 19, 1982, confirming a telephone conversation bf the previous day in which the attorney had advised Craig of his representation of the plaintiff and of her revocation of consent. Enclosed with the letter, and also filed into the record is a withdrawal of consent of adoption. This was not sent by registered or certified mail. Craig could not testify as to the date when he did receive the letter, although he indicated that he might have received it after the 30 day period had expired.
Plaintiff argues that the provisions of La.R.S. 9:422.10 states: “[pjroof of actual receipt of the writing must be made by an affidavit of mailing with signed return receipt attached or by other proof as in a civil trial,” allows for regular mailing if this can be proved by testimony or affidavit.
The defense argues that strict interpretation of this provision is required, and that the trial court’s conclusion that no attempt had been made to revoke the act of surrender until the statutory time had elapsed, is supported by the evidence.
We find no error in the trial court’s decision, or its interpretation of the law. The court based its conclusions bn the testimony of Craig who could not testify that he received the required revocation within the statutory limits. This type of problem is exactly why La.R.S. 9:422.10 *676 requires certified or registered mail to be used in these instances. Plaintiffs argument that regular mail can be used is without merit. The provision on which her argument is based simply sets forth guidelines for proving that service in compliance with the statute, i.e. certified or registered mail, has taken place.
The thirty day limit also serves to protect the integrity of the family unit into which the child is placed. To allow a child to remain with the adoptive parents for any length of time and then remove him or her from their custody is disruptive and harmful to both the child and the parents. It would also be extremely detrimental to force the adoptive parents to live for an indefinite period of time with the fear that the child will be taken from them. This type of apprehension would only undermine the healthy family environment to which the child and the adoptive parents would be entitled.
VALIDITY OF ACT OF SURRENDER
In this argument, plaintiff contends that the act of surrender is invalid because it lacks the address of the attorney to whom the surrender was made. Defendant argues that the failure to include this one item in the act of surrender should not invalidate it, and asserts that this argument is not properly before this court because it was not raised in the court below.
La.R.S. 9:422.6 requires:
“The formal act of surrender shall identify the parents or parent of the child by name, parish of domicile, age, and marital status; shall identify the child and the parish of birth of the child; shall indicate the name and address of the person or persons to whom the surrender is made, or the name and address of the representative of that person or persons; and shall recite: (1) the date of birth of the child to be surrendered and that the act is not signed earlier than the fifth day following that date; (2) that the parent or parents freely and voluntarily surrendered custody of the child for the purpose of private placement and adoption; (3) that the parent or parents consent to the adoption; (4) that the parent or parents have been informed and understand that their rights as parents of the child are to be terminated, and; (5) that notice and service of any pleading of any sort and any subsequent adoption proceeding is waived. Should a surrendering parent of a child be under age of 18 and the time of signing, the formal act shall also recite that fact and shall state that the surrendering parent under the age of 18 is joined in signing the formal act of surrender by those individuals indicated in R.S. 9:422.3 [sic]. Each necessary party must sign in the presence of a notary and two witnesses, although it is not necessary that they sign the same instrument.” (emphasis added)
In support of her position, plaintiff cites a number of cases which require strict construction of the adoption laws. In re CTD, 415 So.2d 315 (La.App. 2d Cir.1982); In re G.O., 433 So.2d 1115 (La.App. 3d Cir.1983). As defendants point out in brief to this court, the cases relied upon by plaintiff involve failure of the act of surrender in a more substantive sense. In In re CTD, supra, there were a variety of errors in the formal act, e.g., the act was executed prior to the birth of the child, the date of the child’s birth was not stated, the mother had lied about her marital status, etc. In In re G.O., supra, the consent of the parent to the adoption was not expressed in the act.
In the instant case, the only requirement not included in the formal act of surrender was the address of David Craig, the attorney representing the adoptive parents. At no time in the court below, did the plaintiff allege that Craig was not timely notified of the revocation because of her inability to find him. We cannot find how the failure to include the attorney’s address in the act of surrender could in any way invalidate that act, in this case.
In brief to this court, the plaintiff argues that the reason for including the name and address of the representative of the person who is adopting the child is so that the *677 revocation may be timely made to that person. In this case, there appears to be no question that plaintiff was able to contact Craig and that the failure to include his address in the act had nothing whatsoever to do with the untimely revocation.
Although there may be an instance where the failure to include the name and address of the representative of the adoptive parents may require the invalidation of the act of surrender, such is not the circumstance presented by the case now before the court. Plaintiff has failed to show any prejudice or any reason whatsoever why we should not uphold the conclusion of the trial court finding that act of surrender to be valid. For this reason, this argument is also without merit.
For the foregoing reasons, the decision of the trial court is hereby AFFIRMED.
AFFIRMED.