458 So.2d 1311 (1984)
Elizabeth WUERTZ
v.
David CRAIG: John Doe and Mary Doe.
No. 84-C-0925.
Supreme Court of Louisiana.
November 26, 1984.
Concurring Opinion November 30, 1984.
Rehearing Denied January 4, 1985.
Concurring Opinion January 7, 1985.
*1312 Mack E. Barham, Robert E. Arceneaux, Barham & Churchill, New Orleans, Robert T. Garrity, Jr., Harahan, for plaintiff-applicant.
Anthony J. Russo, Mark P. Burton, Favret, Favret, Demarest & Russo, New Orleans, for defendant-respondent.
DIXON, Chief Justice.
On February 11, 1982 Elizabeth Wuertz signed an act of surrender of her child for purpose of adoption by unnamed adoptive parents represented by David Craig. Eight days later Ms. Wuertz attempted to revoke her consent. She then filed suit against Craig and his clients to revoke the surrender, enjoin the adoption and regain custody of her child. The trial court found the act of surrender valid, but held the revocation invalid because Ms. Wuertz' attorney had not sent it by certified mail. Ms. Wuertz appealed and the court of appeal affirmed the trial court. Wuertz v. Craig, 449 So.2d 673 (La.App.1984). From that affirmance the mother applied for a writ of certiorari, which we granted. Wuertz v. Craig, 452 So.2d 169 (La.1984). We reverse.
On December 20, 1980 Elizabeth Wuertz gave birth to a child, Christina Wuertz. At that time Ms. Wuertz was nineteen years old and unmarried. Initially she and the child lived with her mother. When the latter was imprisoned for simple burglary, Ms. Wuertz and the child lived in a motel room with another couple. At this time, Ms. Wuertz asked her grandmother to help care for the child, since she needed to obtain work. On February 11, 1982 the grandmother took Ms. Wuertz to the office of an attorney, Usprich. The grandmother paid for the attorney's services. Usprich explained to Ms. Wuertz the consequences of surrendering a child for adoption. There was some discussion of the possibility that a child abuse charge might be brought against Ms. Wuertz, which could result in the loss of custody of the child to the state. Usprich further informed her that she would have thirty days in which she could revoke her consent. Ms. Wuertz signed the consent form and the child was surrendered to Craig, an attorney representing an unnamed adoptive couple. Craig's address was not on the act of surrender as required by R.S. 9:422.6. Soon after this meeting, Ms. Wuertz contacted another attorney, Garrity, who sent a letter of revocation to Craig, dated February 19, 1982. Craig, however, did not recognize the revocation because it had not been sent registered or certified mail, as required by R.S. 9:422.10. Craig acknowledged receipt but said he could not remember whether he had received the document within thirty days from the act of surrender, the time limit for revocation set by R.S. 9:422.10.
LOWER COURT DISPOSITION
The trial court rendered judgment in favor of Craig and the adoptive parents. It found that Ms. Wuertz had freely consented *1313 to the surrender because she had signed it, understanding the consequences of her act. It found insufficient evidence of coercion or duress. The court further found the act of revocation invalid because it had not been sent by certified mail, as required by R.S. 9:422.10.
The court of appeal affirmed, holding that the trial court had been within its discretion in determining that the act of surrender had been signed freely and voluntarily. It affirmed the trial court in holding the act of revocation invalid because it was not sent certified mail and because there was no certain proof that it had been executed timely. The court of appeal further found the failure of the act of surrender to include the address of the person to whom the child was surrendered, as required by R.S. 9:422.6, to be a "harmless error." As such it found that the defect did not invalidate the act of surrender.
ISSUES
In her appeal to this court, plaintiff assigned four errors committed by the trial court: (1) the court erred in finding the act of surrender was executed freely and voluntarily; (2) the court erred in failing to enforce the statutory requirement that Ms. Wuertz be represented by an attorney; (3) the court erred in not finding the act of surrender legally defective on its face, and therefore invalid; (4) the court erred in not finding that the act of surrender was validly revoked. Plaintiff further asks the court to consider the issue of the best interest of the child.
EXECUTION UNDER DURESS
R.S. 9:422.6 requires "(2) that the parent or parents freely and voluntarily surrender custody of the child for the purpose of private placement and adoption; (3) that the parent or parents consent to the adoption."
The evidence presented at the trial showed that the attorney, Usprich, did explain to Ms. Wuertz the consequences of signing the act of surrender. He also informed her that she would have thirty days in which she could revoke her consent. The testimony also showed that the grandmother spoke to Ms. Wuertz about the possibility that a criminal charge of child abuse might be brought against her, with the result that she might lose custody of her child to the state. (No such charge was ever brought). Usprich admitted that a substantial amount of the time during which the parties were at his office was spent discussing the matter of the possible charges.
Ms. Wuertz claims that she signed the act of surrender only because of the threats of prosecution and with the intention of revoking her consent within the statutory thirty days. Her subsequent actions supported her claim that she intended to revoke her consent. She admitted that her consent was freely given. But she testified that she thought her only hope for keeping her child was to sign the act of surrender and avoid prosecution for child abuse, then revoke the surrender within thirty days.
The use of "threats only of doing that which the party using them had a right to do" will not invalidate a contract. C.C. 1856. However, use or threats of "the mere forms of law to cover coercive proceedings for an unjust and illegal cause" will invalidate the consent to contract. C.C. 1857. In an adoption case, this court held that:
"... An authentic act may be set aside where a party thereto has been induced to execute it through fraud, error, duress or threats, and he is permitted to introduce parol testimony in support of allegations to that effect...." Ball v. Campbell, 219 La.1076, 1088, 55 So.2d 250, 254 (1951).
Ms. Wuertz was threatened with possible criminal charges. There is no evidence that such charges were justified. She signed the act of surrender under the immediate influence of this threat. Such a threat by law invalidates the consent procured.
REPRESENTATION BY AN ATTORNEY
R.S. 9:422.7 states that "[t]he surrendering parent or parents shall be represented by an attorney at the execution of the act of surrender."
The trial testimony shows that Ms. Wuertz did not retain Usprich to represent her; her grandmother did. The grandmother paid Usprich's fees. She transported Ms. Wuertz to Usprich's office. Usprich had been employed to prepare the act of surrender and "to inform Ms. Wuertz of her rights." Ms. Wuertz testified that she *1314 was unaware of what was going to transpire at Usprich's office. Usprich admittedly discussed the "ramifications" of a child abuse case, and told Ms. Wuertz she could renounce the act of surrender within thirty days. Soon after the act of surrender, Ms. Wuertz did seek legal counsel and retained Garrity as her attorney.
Adoption statutes are to be strictly complied with. In re Ackenhausen, 244 La.730, 154 So.2d 380, 383 (1963). Since adoption is in derogation of the natural right of a parent to his or her child, the courts of appeal have consistently interpreted this rule in favor of the natural parent. Steed v. McKenzie, 344 So.2d 689 (La.App.1st Cir.1977); Rodden v. Davis, 293 So.2d 578 (La.App.3d Cir.1974). R.S. 9:422.3 states that: "The formal act [of surrender] shall be evidence of a legal and voluntary surrender only if it is executed in accordance with the provisions of this Subpart." R.S. 9:422.7 requires that the parent shall be represented by an attorney.
In this case Usprich had two clients: the mother and the great grandmother of the child. Their interests were conflicting. Representation of the surrendering parent is more than a formal requirement, and should, at the very least, be free from conflict. On the record before us, good representation of the mother would have prevented the surrender.
Because we find the act of surrender was not executed "freely and voluntarily," and that Ms. Wuertz lacked effective representation by an attorney at the execution of the act of surrender, it is unnecessary to consider the remaining assignments (that the surrender is invalid for lack of the address of the person or representative of the person to whom the surrender is made; that the act of revocation must be sent by registered or certified mail).
Therefore, the judgments of the lower courts are reversed and vacated. There is now judgment in favor of plaintiff Elizabeth Wuertz and against defendants David Craig, John Doe and Mary Doe, declaring the act of surrender of Christina Rae Wuertz, dated February 11, 1982, null and void and of no effect. The case is remanded to the district court for further proceedings not inconsistent with this opinion. All costs are allocated to defendants.
MARCUS, J., concurs.
DENNIS, J., concurs with reasons.
BLANCHE, J., concurs and will assign reasons.
WATSON, J., dissents, finding the charges of duress and lack of representation to be unconvincing.
LEMMON, J., concurs and will assign reasons.
DENNIS, Justice, concurring.
I respectfully concur.
I agree with the opinion of the court in concluding that the surrender of the child was not free and voluntary. I disagree, however, with its decision that the surrendering parent was not represented by an attorney.
BLANCHE, Justice (concurring).
The plaintiff was represented by a qualified attorney who adequately informed her of her rights. Furthermore, if the best interests of the child is any consideration, good representation would have encouraged the surrender of the child to parents who could have provided the child with a good home.
The trial court found that the act of surrender was freely and voluntarily executed by the mother with full understanding of her rights. This finding was not manifestly erroneous and we should have reached the issue of whether the statutory requirements were complied with.
On that issue this writer believes that adoption procedures are sacremental and would require the parties applying for adoption to strictly comply with the procedures set forth in this statute. Neither party strictly complied with the procedures which were mandated by the statute and I would have set the act of surrender aside. I consider it improper to compare one failure to comply as harmless and another not harmless as was done by the Court of Appeal.
Accordingly, I would have reversed the judgment of the Court of Appeal. For these reasons, I respectfully concur in the majority opinion.
LEMMON, Justice, Concurring.
I disagree that the mother proved either that the act of surrender was not executed freely and voluntarily or that she was not *1315 adequately represented by an attorney. Nevertheless, I concur in the result because the undisputed evidence established execution of a written declaration of revocation within 30 days of the act of surrender, as well as actual mailing and actual receipt in due course.
The purpose of the certified mail requirement is to obviate disputes concerning the mailing of a copy of the written declaration of the revocation. The surrendering mother's evidence established that the revocation was executed and mailed by regular mail within eight days of the act of surrender, and no dispute as to the mailing was raised by other evidence. Indeed, the attorney for the adoptive parents admitted a telephone conversation about the revocation and receipt in the mail in due course after his conversation with the surrendering mother's attorney. Under these circumstances, the failure to use certified mail should not invalidate the revocation.