557 So.2d 370 (1990)
In the Matter of ADOPTION OF M.S. and J.S.
No. 89-CA-2325.
Court of Appeal of Louisiana, Fourth Circuit.
January 30, 1990.
Ann Maclaine, New Orleans, for appellant.
Jack A. Quarles, Jr., Gretna, for appellees.
*371 Before SCHOTT, CIACCIO and PLOTKIN, JJ.
CIACCIO, Judge.
Appellant, M.L.J., filed a petition in juvenile court seeking to have declared null a previously rendered final decree of adoption of her two children. The juvenile court judge rendered judgment maintaining the final adoption decree and she appealed. We reverse.
On December 1, 1987, appellees petitioned Orleans Parish Juvenile Court for the adoption of the children. Attached to their petition was an act of surrender dated November 12, 1987 and signed by appellant, the children's natural mother. The petition alleged that the boys had been in appellees physical custody for more than six months prior to December 1987. At a hearing on January 27, 1988, the juvenile court rendered a final decree of adoption which the trial judge signed on February 4, 1988. No interlocutory decree of adoption was ever sought or obtained.
In September 1988, the juvenile court removed the two children from the custody of appellees and placed them in the custody of the Office of Community Services due to alleged physical abuse by appellees. Appellant contends that it was at this time that she first learned her two sons' last names had been changed. On June 27, 1989, pursuant to an order of Orleans Parish Civil District Court in another matter, certain portions of the adoption record were disclosed to her attorney. She claims that it was at this time that she learned a document she had signed in November 1987 was, in fact, an act of surrender. She claims that in November 1987, while under the influence of appellees, she was requested to sign a document which purportedly was an act of sale to purchase a house. On July 26, 1989, appellant filed the petition to annul the judgment of adoption, arguing that it was obtained by fraud and ill practices.
On Appeal, appellant alleges that the act of surrender upon which the adoption was based was obtained through fraud, trickery and duress, so as to vitiate her consent. She further alleges that the juvenile court judge erred in granting a final decree of adoption rather than an interlocutory decree at the first hearing as required by LSA-R.S.9:429 and 9:432. Appellees in reply contend appellant failed to timely file the petition to annul the judgment and, therefore, the final decree of adoption should stand.
An action to annul a final judgment obtained by fraud or ill practices must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices. LSA-C.C.P. art. 2004. The annulment of a judgment is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983).
Appellees first response to appellant's petition to annul the decree of adoption was a peremptory exception of prescription based upon appellant's failure to bring the action within one year of her discovery of the fraud or ill practices. The record does not contain a judgment on this exception. However, since the trial court rendered judgment on the merits we assume that the court overruled the exception.
At trial, appellant testified that she did not know that a final decree of adoption was granted at the initial hearing until June 27, 1989, when, pursuant to a court order, portions of the adoption record were disclosed to her attorney. Her testimony indicates that the earliest date that she received any information which would have led her to suspect that appellees had obtained a final judgment of adoption was in September 1988, when the state informed her that her children's last names had been changed. Appellees contend appellant knew of her sons' adoptions when she spoke to the state social worker, Brenda Allen, in January 1988. Ms. Allen testified *372 that appellant came to her office in January 1988 and was in tears. She testified that appellant told her that appellee had informed her that the boys were no longer hers and that she would never see the children again. However, according to Ms. Allen's testimony, appellant was not aware that her sons had been adopted. In light of Ms. Allen's testimony and other evidence which demonstrated that appellant and her children practically lived with appellees from February 1987 through the early part of 1988, the record does not establish that appellant knew in January 1988 that her two sons were, in fact, legally adopted. The record supports the conclusion that the earliest time in which appellant could have known of the final adoption decree was in September 1988, when the state took custody of the children from appellees and placed them in a foster home. Hence, appellees' exception had no merit. The petition to annul the judgment was timely filed.
Adoptions in Louisiana of minors under the age of seventeen are governed by LSA-R.S.9:421 et seq. LSA-R.S.9:422.3 provides for private adoptions based on voluntary acts of surrender such as the one in this matter. A final decree of adoption may be rendered at a first hearing without the necessity of an interlocutory decree in very limited circumstances,[1] none of which are applicable to this matter. Otherwise an interlocutory decree must first be obtained in accordance with the statutes. LSA-R.S.9:429 expressly provides:
Section 429. Interlocutory decree
The judge, upon examining the confidential report of the Louisiana Department of Health and Human Resources, and after interrogating the petitioner or petitioners for adoption and the person who prepared the confidential report, may grant or refuse to grant an interlocutory decree during or after the hearing hereinabove provided. The clerk of court shall forward a certified copy of the decree to the department. The attempt to withdraw consent, when given in either an authentic or notarial act of voluntary surrender, as authorized by this Subpart, shall not bar an interlocutory decree of adoption but shall form the basis of a contradictory hearing for the purpose of determining whether it is in the best interests of the child to permit the petitioners to adopt the child or to return the child to the opposing natural parent or parents, or a legal representative enumerated in R.S.9:422.3(A) and R.S.9:422.4(C), if applicable.
Furthermore LSA-R.S.9:432(C) states:
C. In cases brought under the provisions of R.S.9:422.3, the child shall have lived with the petitioner for at least six months after the granting of an interlocutory decree before the petitioner may apply for a final decree of adoption. This requirement shall not apply in a case in which, pursuant to R.S.9:434, the court may render a final decree of adoption at the first hearing without the necessity of entering an interlocutory decree.
The trial judge granted the final adoption decree because the children apparently had lived in the adoptive home more than six months and because appellant had failed to timely revoke the act of surrender *373 as required by LSA-R.S.9:422.10. We find the court erred in rendering that judgment. None of the statutes, read together or separately, permit a final decree at the initial hearing in a private surrender situation merely because the children may have lived with the petitioners six months prior to filing the original petition. The issuance of a final decree of adoption at the initial hearing on January 27, 1988 in this instance was a direct violation of the adoption statutes.
Adoption statutes are to be strictly complied with. Wuertz v. Craig, 458 So.2d 1311 (La.1984). Failure to do so in this case renders the judgment of the juvenile court an absolute nullity. Because of this finding, we pretermit ruling on the validity of the act of surrender executed by appellant on November 12, 1987.
Accordingly, the judgment denying the petition to annul the final decree of adoption rendered on November 17, 1989 is hereby reversed. Judgment is granted in favor of appellant and against appellees annulling the judgment of a final decree of adoption rendered on January 27, 1988, declaring them to be the adoptive parents of M.L.J. and J.L.J, and the Department of Health, Vital Records, State of Mississippi, is ordered to correct and restore the birth certificates of M.L.S. and J.L.S. to declare that appellant is the mother of said children and that their correct names are M.L.J. and J.L.J.
By separate unpublished decree the correct names of all parties are inserted in the judgment restoring the original names of the children on their birth certificates.
REVERSED.
NOTES
[1] 434. Final decree at first hearing; circumstances permitting

When the department does not make recommendations against the adoption, and all other requirements for an interlocutory decree have been met, the court may render a final decree of adoption at the first hearing, without the necessity of entering an interlocutory decree, where:
1. The child was placed in the home for adoption by an agency, and the child has been in the home of petitioners for at least six months prior to the filing of a petition for adoption.
2. The spouse of the petitioner is the legitimate parent of the child.
3. A parent petitions to adopt his child born out of wedlock; or
4. A married couple jointly petitions to adopt a child born out of wedlock to one of the petitioners.
5. A grandparent petitions to adopt his grandchild and the child has been in the home of petitioner for at least six months prior to the filing of a petition for adoption.
6. The child has lived in the home of the petitioner for a period of at least one year, and the child was declared an abandoned child pursuant to R.S.9:403.
The clerk of court shall forward a certified copy of the final decree to the department.