CIACCIO, Judge.
Appellant, M.L.J., an intervenor in the adoption proceedings instituted by appel-lees, Mr. and Mrs. D.S., appeals the judgment rendered by the Juvenile Court for the Parish of Orleans on April 20, 1990, granting an interlocutory decree of adoption in favor of appellees and effectively finding valid an Act of Surrender signed by appellant on November 12, 1987. We reverse the judgment of the juvenile court and remand the matter for further proceedings.
On December 1, 1987, appellees petitioned the Orleans Parish Juvenile Court for the adoption of M.L.J. and J.L.J. Attached to their petition was an act of surrender dated November 12, 1987, and signed by appellant, the children’s natural mother. The petition alleged that the boys had been in the petitioners’ physical custody for more than six months prior to December, 1987. At a hearing on January 27, 1988, the Juvenile Court rendered a final decree of adoption, which was signed on February 4, 1988. No interlocutory decree of adoption had ever been sought or obtained. On July 26, 1989, appellant filed a petition to annul the judgment of adoption, arguing that it was obtained by fraud and ill practices. Specifically, she argued the act of surrender upon which the adoption was based was obtained through fraud, trickery and duress, so as to vitiate her consent. Appellant also argued that the juvenile court judge erred in granting a final decree of adoption rather than an interlocutory decree at the first hearing as required by LSA-R.S. 9:429 and 9:432.
On November 17, 1989, the juvenile court entered a judgment maintaining the final decree of adoption rendered on January 27, 1988. Appellant timely appealed the November 17, 1989 judgment and on January 30, 1989, we rendered a decision reversing the juvenile court judge and declared null and void the final judgment of adoption rendered on January 27, 1988 because it was improperly granted at the initial hearing. We expressly pretermitted ruling on the validity of the Act of Surrender. In the Matter of Adoption ofM.S, & J.S., 557 So.2d 370 (La.App. 4th Cir.1990).
Subsequent to our decision, appellees requested that the juvenile court set a hearing date on an interlocutory decree. Appellant filed a motion to intervene, and a motion to reconsider and set aside the Act of Surrender.
*1217 On April 20, 1990, the juvenile court rendered oral rulings on the pending motions and granted an interlocutory decree of adoption without testimony or legal argument from either party. In its written judgment signed on May 17, 1990, the juvenile court denied the motion to reconsider and set aside the Act of Surrender, granted appellant’s motion to intervene as a third party, and granted an interlocutory decree of adoption. This ruling implicitly reaffirmed the juvenile court judgment of November 17, 1989, relative to the issue of the validity of the Act of Surrender. It is from the judgment rendered on April 20, 1990 that M.L.J. appeals.
In rendering its judgment at the hearing on the interlocutory decree on April 20, 1990, the juvenile court judge failed to consider additional testimony, evidence or legal argument from either appellant or ap-pellees. The juvenile court judge expressly stated in her judgment that our prior decision rendered on January 30, 1990 did not affect her previous ruling relating to the validity of the Act of Surrender. She further stated that the effect of our January 30, 1990 decision simply nullified her final adoption decree rendered on November 17, 1989, but it did not require another full hearing before an interlocutory decree could be entered. The juvenile court misinterpreted our January 30, 1990 decision.
By declaring null and void the final adoption decree rendered on January 27, 1988 and reversing the juvenile court’s judgment of November 17, 1989, it was our intent, though not expressly stated, that the matter be remanded for. a full hearing on an interlocutory decree, including the introduction of any additional admissible evidence including expert testimony.
At the hearing on the interlocutory decree held on April 20, 1990, the juvenile court judge considered the confidential report dated April 17, 1990 prepared by the Department of Social Services as required by LSA-R.S. 9:429. The judge found that based on this report the Office of Community Services had no objection to the granting of an interlocutory decree in this matter. After reviewing this confidential report, we find the judge erred in granting the interlocutory decree based on this report without considering any additional testimony or evidence from the parties. The confidential report does not reflect the Office of Community Services’ position on the granting or denying of an interlocutory decree in the proceedings. In light of this and the fact that the children had been removed by the State from appellees’ custody after the first hearing and initial confidential report had been considered, we find that this matter must be remanded to the juvenile court for a full hearing, including the introduction of additional evidence regarding the validity of the Act of Surrender and the consideration of a current report from the Department of Social Services before an interlocutory decree can be rendered.
Accordingly, the judgment of the juvenile court rendered on April 20, 1990 and signed May 17, 1990 is hereby reversed. The matter is remanded to the juvenile court for further proceedings not inconsistent with our opinion herein.
REVERSED AND REMANDED.
SCHOTT, C.J., dissents with written reasons.