CRAIN, Judge.
On November 25, 1989, CAP executed an act of surrender for the purpose of adoption of his daughter, KLP, to a married couple, KLC and SCC. On December 1, 1989, by instrument entitled “Statement of CAP”, CAP sought to revoke the November 25, 1989, surrender and consent and purported to transfer custody of KLP immediately to his half-sister TPP and her husband RLP.
TPP and RLP filed a motion on December 5, 1989, seeking temporary custody and eventually permanent custody of KLP. *215 KLC and SCC filed an opposition to the motion and requested temporary custody of KLP. Temporary custody of the child was granted to TPP and RLP. A custody hearing was scheduled for January 23, 1990. As a result of that hearing, KLC and SCC were granted temporary custody of the child. On March 1, 1990, CAP and his father, HP, intervened in the proceeding.
Arguments were apparently held on April 17, 1990, regarding the validity of the act of surrender, which CAP, TPP, RLP and HP alleged to be invalid; the validity of the revocation; and an exception of no right and/or cause of action. In written reasons for judgment dated April 27, 1990, the court apparently maintained the objection raising the exception of no right/cause of action and found the other issues to be premature because no adoption proceedings had been instituted. The judgment relating to those issues does not appear in the record.
On May 1, 1990, TPP, RLP, CAP and HP filed notice of their intention to seek writs to this court. The writs were denied in part on the granting of the exception raising the objection of no right of action and granted in part. We ordered the trial court to hold an expedited hearing to determine the validity of the act of surrender, revocation and the best interest issue, if raised. A hearing on those issues was held on June 19, 1990, pursuant to our order. Judgment was rendered on July 10, 1990, wherein the trial court declared that the act of surrender was invalid in that it did not comply with La.R.S. 9:422.6. However, the court declared it to be a valid notarial surrender pursuant to La.R.S. 9:429. The court found that it was in the best interest of KLP to remain in the custody of SCC and KLC, regardless of the outcome of adoption proceedings. Adoption proceedings had been filed by SCC and KLC but through no fault of the petitioners, service had not been made. Visitation rights were granted to the natural father, CAP.
From this judgment TPP, RLP, CAP and HP appeal alleging as error the sustaining of the exception of no right or cause of action; the holding of a best interest hearing after determining the surrender to be invalid; and the award of custody to SCC and KLC. SCC and KLC answered the appeal and assigned as error the trial court’s determination that the November 25, 1989, act of surrender was invalid because it failed to comply with La.R.S. 9:422.6.
A review of the record reveals that the trial court did not rule on the objection of no cause or right of action. Thus this assignment is without merit.
VALIDITY OF ACT OF SURRENDER PURSUANT TO LA.R.S. 9:422.6
In this assignment of error, KLC and SCC contend that the instrument contains all elements prescribed in La.R.S. 9:422.6.
Appellants contend that the surrender is invalid under La. R.S. 9:422.6 for several reasons:
a) The full name of the biological mother was not recited in the instrument, in that her maiden name was not included. The instrument recited her first name, the last name from a prior marriage and the surname of her present husband.
b) The parish of the biological mother’s domicile is not recited in the instrument. However, the instrument recites that she resides in Huntsville, Alabama.
c) The instrument does not recite the parish in which the child was born. The city and state (Denton, Texas) are given.
d) The complete marital status of the biological mother is not recited in the instrument in that the biological mother was married twice; first to JM from whom she was divorced and second to the biological father to whom she is legally married but from whom she is living separate and apart. The instrument simply recites that CAP is legally married to the biological mother, but they live separate and apart.
e) The biological mother failed to join the act of surrender. However, La.R.S. 9:422.-3(A) provides that the parent or parents of a child may execute an authentic act of voluntary surrender. Further, where both parents are named on the child’s birth certificate both parents must evidence their *216 intent to surrender the child either by jointly filing .a single act of surrender or by executing separate valid acts of surrender. La.R.S. 9:422.4(A).
Adoption laws are in derogation of the natural rights of biological parents and should thus be strictly construed in their favor. In re RLV, 484 So.2d 206 (La.App. 1st Cir.1986). La.R.S. 9:422.6 enumerates the requirements of an authentic act of voluntary surrender of a child for private adoption. Strict compliance with the statute is necessary in order to obtain the protection of that statute. Appellate courts have held various substantive discrepancies in the the authentic act of surrender render the surrender invalid under La.R.S. 9:422.6. Among those substantive discrepancies are the failure to recite that the biological mother was under the age of 18 which would thus require the parent(s) of the biological mother to join in the surrender, Adoption of Vest, 427 So.2d 1359 (La.App. 3d Cir.1983); the act was undated, executed prior to the child’s birth, in the maiden name of the mother, although she was legally married at the time, and recited untruthfully that the mother was unmarried at the time of surrender, In re CDT, 415 So.2d 315 (La.App. 2d Cir.1982); consent to the adoption was not express and could not be supplied by implication, In re G.O., 433 So.2d 1115 (La.App. 3d Cir.1983); the failure to recite the marital status of the biological mother, the address of the person(s) to whom the surrender was made and the accurate age of the mother, In re RLV, 484 So.2d 206 (La.App. 1st Cir.1986).
A hypertechnical, nonsubstantive discrepancy such as failure to give the address of the attorney to whom the surrender was made has been held not to invalidate the surrender under La.R.S. 9:422.6 because the parties were not prejudiced by a nonsubstantive discrepancy. Wuertz v. Craig, 449 So.2d 673 (La.App. 4th Cir. 1984), reversed on other grounds, 458 So.2d 1311 (La.1984). After careful review of the record, the statute and the jurisprudence we find that appellants were not prejudiced in any way by the inadequacies alleged, nor do they allege that they were prejudiced by the inadequacies. Accordingly, we find the surrender to be in compliance with the statute.
BEST INTEREST OF THE CHILD
As the trial court pointed out in its reasons for judgment, it proceeded with a best interest hearing because ordered to do so by this court and because of the Supreme Court decision in In re JMP, 528 So.2d 1002 (La.1988). However, when it held a best interest hearing it had before it only a contested formal act of surrender, a revocation of that surrender and cross claims for custody. The adoption proceeding had been filed on its order but the necessary service had not been made on the parties. Consequently, the trial court was in the position of having to decide all issues relating to an adoption within 20 days from an order issued by this court when, in fact, no adoption was pending. At best, what the trial court did was decide where custody of the child should be maintained while the adoption was proceeding.
We are not inclined to disturb a trial court’s determination of custody pending further proceedings particularly when, as here, a full hearing was held as to the best interest of the child. However, this case is simply not in the correct procedural posture for us to make any determination as to whether the adoption can proceed or whether it is in the best interest of the child for it to proceed. We have determined the act of surrender by the father was valid and so was the revocation of his consent. No further proceedings are before us because none were before the trial court.
Consequently, we reverse the decision of the trial court holding the act of surrender invalid, but maintain its grant of custody pending further proceedings. We remand for further proceedings in accordance with La. R.S. 9:421, et seq, and In re JMP, supra. All costs of this appeal are assessed against the appellant.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.