582 So.2d 956 (1991)
In re S.R. and D.J.R., Applying for Adoption.
No. 22533-CA.
Court of Appeal of Louisiana, Second Circuit.
June 19, 1991.
Writ Denied September 27, 1991.
Sherburne Sentell, Minden, for appellant.
Walker & Dixon by Michael Walker and Neil Dixon, Shreveport, for appellee.
Before NORRIS, VICTORY and STEWART, JJ.
VICTORY, Judge.
This appeal arises from a suit filed on March 7, 1989 to annul a January 21, 1986 adoption of a minor child, D.V.B. The trial judge refused to annul the adoption, and plaintiffs appeal his judgment. We reverse.

FACTS
F.B. and K.B. were married on June 24, 1974, and physically separated three years later. On December 10, 1981, K.B., still living apart from F.B., gave birth to D.V.B., who may have been fathered by A.R.
S.R. and D.J.R., A.R.'s father and stepmother, were very close to K.B., and had kept D.V.B. for her many times before the adoption. In 1984, K.B. moved to Dallas to seek employment and left D.V.B. with S.R. and D.J.R. She returned to visit him once or twice a month.
In late 1985 S.R. and D.J.R., alleging A.R. was the biological father of D.V.B., filed a petition for adoption. They alleged the child had been living with them for the past eighteen months, that the legal father, F.B., had no objection to the adoption and that K.B. was willing to give written consent. An attached, notarized affidavit bearing the signatures of S.R., D.J.R., F.B. *957 and K.B. stated they had read the petition and the allegations of fact contained therein were true and correct.
Alex Rubenstein, the court-appointed attorney to represent K.B., wrote her a certified letter stating S.R. and D.J.R. were seeking to adopt the child and asked her to confirm her consent as alleged in the petition. The letter, delivered on December 27, 1985, was admittedly received by K.B., but never answered, so Mr. Rubenstein denied all allegations in the petition for lack of sufficient information and asked that the petition be dismissed.
At the adoption hearing on January 21, 1986, F.B., after being sworn, admitted A.R. was the father of D.V.B. and stated he had no objection to the proceedings. K.B. was not present, but was represented by Mr. Rubenstein.
The juvenile court, dispensing with the requirement of an interlocutory decree, rendered a final decree of adoption on January 21, 1986, simultaneously changing D.V.B.'s last name to that of S.R. and D.J.R.
Thereafter S.R. and D.J.R. permitted F.B. and K.B. to visit D.V.B. frequently. However, in 1988, S.R. and D.J.R. placed restrictions on their activities with D.V.B. in order that he would receive the same upbringing while away as he had received at their home.
On March 7, 1989, F.B. and K.B. filed a petition to annul the adoption claiming that K.B. was misled by S.R.'s statements made before the adoption hearing that S.R. and D.J.R. had decided to only seek temporary custody and that K.B. did not need to hire an attorney because one had been appointed to represent her. They further alleged the affidavit attached to the petition did not comply with the legal requirements for a voluntary surrender, that improper service was made on F.B., and the court improperly skipped the interlocutory decree.
Defendants filed a peremptory exception of no right of action against F.B., claiming he was present in court during the adoption hearing and consented to it in open court. Further, defendants contended K.B.'s claims were prescribed.
The same judge that granted the adoption also heard the annulment testimony on June 26, 1989 and upheld his earlier adoption. At that hearing, K.B. acknowledged she was aware D.V.B.'s last name had been changed prior to 1988. Although knowing an adoption proceeding had been filed, she testified she was unaware of the difference between adoption and custody and claimed S.R. misled her into believing only custody was being sought. However, she admitted writing a letter to the Department of Human Resources consenting to the adoption at some point prior to the adoption judgment.
F.B. testified he, like K.B., was unaware an adoption had taken place until July 1988 and thought the hearing was for custody and name change.

DISCUSSION
Appellants argue, inter alia, that there was no proper notarial act of surrender as contemplated by law and that the trial judge, by his own admission, erred in skipping the required interlocutory decree. They argue these errors are not cured by the six-month peremptive period provided for adoptions.
The peremptive period for adoptions in LSA-R.S. 9:440 states in the last sentence:
No action to annul a final decree of adoption rendered prior to the effective date of this Section [July 9, 1987], but after January 1, 1986, for any reason, shall be brought after a lapse of six months from the effective date of this Section [July 9, 1987].
Since the final adoption decree was rendered on January 21, 1986, this provision is applicable. However, plaintiffs urge, and are correct that under C.C.P. Art. 2004 fraud and ill practices are exceptions to the peremptive period. C.C.P. Art. 2004 provides:
A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in *958 the nullity action of the fraud or ill practices.
In Stewart v. Goeb, 432 So.2d 246, 247-8 (La.1983), the supreme court stated:
In our opinion, R.S. 9:440 and [C.C.P.] art. 2004 may be read together. The purpose of the art. 2004 nullity action is to provide, independent of all other actions for judicial relief, a mode of redress for injustices in the rendering of judgments....
....
The purpose of the peremptive period in R.S. 9:440 is to afford finality of judgment in the interests of the parties involved in the adoption. On the other hand, the underpinnings of the art. 2004 nullity action reflect a legislative desire that no party be allowed to subvert the judicial process to obtain, at the expense of an unwitting opponent, a judgment which is unconscionable in result. The one year prescriptive period of art. 2004, like the six month peremptive period of R.S. 9:440, is designed to promote finality of judgment. Therefore, both provisions operate to achieve the same goal; yet, in our view, R.S. 9:440 was not intended to protect adoption decrees which may have been obtained fraudulently. Such an intention would be inconsistent with the legislative history of the provision.... The six month peremptive period should not be interpreted to override art. 2004 so to bar an action to annul an adoption decree which may have been obtained through fraud or ill-practice as long as the action is brought within one year of the date of discovery of the fraud. In all other cases, R.S. 9:440 should bar the action as perempted.
The trial judge held F.B. and K.B. were aware an adoption proceeding was pending, and S.R. and D.J.R. had not obtained the adoption based on fraud or ill practices. We disagree.
The action for annulment of a judgment under C.C.P. Art. 2004 is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983).
Under LSA-R.S. 9:434, a final decree of adoption may be rendered at the first hearing only in limited circumstances. Apparently the trial judge intended to allow the final decree under exception (5), which provides that such decrees are proper at the first hearing when a grandparent petitions to adopt his grandchild and the child has been in the home of the petitioner for at least six months prior to the filing of a petition for adoption.
However, S.R. and D.J.R. are not the "grandparents" of D.V.B. as intended in § 434(5). In Wuertz v. Craig, 458 So.2d 1311 (La.1984), the supreme court held adoption statutes are to be strictly complied with. Since F.B. and K.B. were married at the time of the conception and birth of D.V.B. and no action to disavow paternity was filed by F.B., the "grandparents" of D.V.B. are the parents of F.B. and K.B. S.R. is merely the father of a man claiming to be the biological, but not the legal, father of D.V.B. Further, D.J.R. is not even the mother of A.R., but is only his stepmother; she is clearly beyond the scope of the statute.[1] Therefore, neither S.R. nor D.J.R. fit under the exception and consequently the final decree should not have been rendered at the first hearing.
In In the Matter of Adoption of M.S. and J.S., 557 So.2d 370 (La.App. 4th Cir. 1990), appeal after remand 563 So.2d 1215, writ denied 567 So.2d 619, the court held a *959 final decree of adoption rendered at the initial hearing in violation of the adoption statute was an absolute nullity.
In this case, the rendering of a final adoption decree at the initial hearing meets the definition of "ill practice" found in Kem Search, Inc. v. Sheffield, supra, because it was a "practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable." An ill practice is an exception to the applicable peremptive period of LSA-R.S. 9:440. Stewart v. Goeb, supra. Therefore, under C.C.P. Art. 2004, F.B. and K.B. had one year from the date of the discovery of the ill practice to bring this nullity action. The preponderance of the evidence shows petitioners did not discover the ill practice until the summer of 1988 at the earliest, within a year of the filing of this suit. Therefore, this suit was timely filed.

DECREE
For these reasons, the trial court's judgment is reversed and judgment is entered annulling the judgment of adoption granted January 21, 1986. All costs of this appeal are assessed to the defendants.
REVERSED.
NOTES
[1] In EMW, Jr. & MKW, Applying for Adoption v. JPM, 583 So.2d 511 (La.App.2d Cir. June 1991), we held that a step grandparent under LSA-R.S. 9:422.1, dealing with adoptions, was not given the same rights of a grandparent, because a step grandparent is not specifically mentioned. We reasoned that step relatives were specifically given rights in other adoption sections, and their absence reflected a conscientious legislative choice. We adopt the same reasoning here.